**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted August 11, 2005
Decided August 17, 2005

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 04-2673

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> v. <br><br> FRANCISCO QUINONES, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division <br><br> No. 02 CR 924-3 <br><br> Joan B. Gottschall, <br> *Judge.* |

**O R D E R**

A jury convicted Francisco Quinones of conspiracy to distribute over 5 kilograms of cocaine, 21 U.S.C. §§ 846, 841(a)(1), and possession with intent to distribute over 5 kilograms of cocaine, *id.* § 841(a)(1).  The district court imposed the minimum statutory sentence of 120 months' imprisonment, 5 years' supervised release, and $200 in special assessments.  Quinones filed a notice of appeal, but his appointed lawyer moves to withdraw because he cannot discern a nonfrivolous basis for appeal.  *See Anders v. California*, 386 U.S. 738 (1967).  Because counsel's submissions are facially adequate, we limit our review to the potential issues counsel identifies, of which only a few warrant discussion, along with the issue suggested in Quinones's response filed under Circuit Rule 51(b).  *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam).  We conclude that those potential issues are frivolous and thus grant counsel's motion to withdraw and dismiss Quinones's appeal.

Quinones was arrested along with Manual Medina and Jesus Gutierrez-Ruiz after officers witnessed a cocaine transaction between the three men and an informant. The informant had arranged through telephone calls with Medina to meet at a gas station in Chicago to deliver 150 kilograms. Along with Medina, Gutierrez-Ruiz and Quinones were waiting there. When the informant arrived in his van, Quinones climbed in and directed him to follow the car Gutierrez-Ruiz was driving to his residence. Medina drove away separately to obtain money to complete the drug deal. While in the van with the informant, Quinones responded affirmatively to the informant's statements about having already counted "them" (referring to the bricks of cocaine) to make sure it was all there. The two vehicles stopped briefly before reaching the planned destination so that Gutierrez-Ruiz could switch places with Quinones, who under orders from Gutierrez-Ruiz drove his car to the restaurant where Quinones was told to wait. Gutierrez-Ruiz continued on to his house in the van with the informant. When they arrived there, the two began unloading the cocaine from the van. Surveillance officers observing the exchange and listening to their conversation then arrested Gutierrez-Ruiz at the house. The officers next arrested the other two conspirators when Medina stopped at the restaurant to pick up Quinones. On Medina the officers found the cell phone the informant had been calling to arrange the drug deal, and the officers seized from Medina's car a drug ledger and a bag of $79,140 in currency. Quinones, during questioning by the officers after his arrest, changed his story several times, first stating that he was waiting to go to a ranch to ride horses, then that he was waiting for someone, and finally that he thought the group was involved only with counterfeit money.

The jury returned a special verdict finding the drug amount to be in excess of 5 kilograms of cocaine. At sentencing the district court found that Quinones could not have foreseen the full scope of the transaction and was only a minor participant. *See* U.S.S.G. § 3B1.2(b). Still, the court concluded that Quinones obstructed justice during the prosecution by lying on the witness stand at trial. *See id.* § 3C1.1. The court calculated a guideline range of 97 to 121 months' imprisonment but, based on the jury's special verdict, the court sentenced Quinones to the statutory minimum penalty.

Counsel first contemplates challenging the sufficiency of the evidence, but concludes, as do we, that the argument would be frivolous despite Quinones's limited involvement. We will reverse a conviction only if the record is devoid of any evidence, regardless of how it was weighed, that would support a finding of guilt beyond a reasonable doubt. *United States v. Hernandez*, 330 F.3d 964, 976 (7th Cir. 2003). To convict under § 846, the government need only prove that the defendant knowingly joined in an agreement to violate the drug laws. *See United States v. Macedo*, 406 F.3d 778, 791 (7th Cir. 2005). A drug conspiracy may be established circumstantially through evidence of "the parties' relationships, their overt acts, and their overall conduct." *United States v. Navarrete*, 125 F.3d 559,

562 (7th Cir. 1997).  Proof of the defendant's participation in a conspiracy is also enough to convict him for reasonably foreseeable substantive offenses committed in furtherance of the conspiracy.  *See Pinkerton v. United States*, 328 U.S. 640, 647-48 (1946); *United States v. Stotts*, 323 F.3d 520, 523 (7th Cir. 2003).

In this case, evidence of Medina's and Gutierrez-Ruiz's guilt is overwhelming based on the officers' visual and electronic surveillance, the recordings of the informant's telephone calls with Medina setting up the deal, and the currency found in Medina's car.  With that background, any rational jury could have reasonably concluded that Quinones was also involved in the conspiracy given his presence at the initial meeting place, his role in directing the informant in the van to follow Gutierrez-Ruiz, and his conversation with the informant about the bricks of cocaine. *See United States v. Parra*, 402 F.3d 752, 761 (7th Cir. 2005) (explaining that participation in conspiracy cannot reasonably be inferred from "mere presence" but can be inferred if other evidence establishes that defendant's presence was intended to advance conspiracy's objectives).  The government also established that several calls from Medina were placed to the cell phone that Quinones was found carrying at key times—before the arrival of the van at the gas station and while Quinones was in the van directing the informant to follow Gutierrez-Ruiz—from which Quinones's participation in the drug deal could be inferred.  And in finding that Quinones was a participant the jury was free to give weight to his inconsistent statements to arresting officers and his purported failure to remember certain cell phone calls during cross-examination at trial.  *See United States v. Williams*, 136 F.3d 1166, 1168 (7th Cir. 1999) (rejecting challenge to sufficiency of the evidence in part because defendant's own testimony "reeks of implausibility").

Likewise, as counsel acknowledges, an argument challenging the district court's denial of Quinones's general motion to suppress "evidence and statements" obtained as a result of his supposedly illegal arrest would also be frivolous.  What the officers observed and overheard was enough to convict, so that information established probable cause to arrest Quinones.  In any event, nothing except Quinones's post-arrest statements and possibly his cell phone were even arguably subject to suppression.  And Quinones could not challenge the admission of the cocaine; his privacy interests were not affected because the cocaine was not seized from him.  *See Rakas v. Illinois*, 439 U.S. 128, 134 (1978) ("A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed.").

Counsel also considers challenging as an abuse of discretion the district court's acceptance of Officer Robert Coleman as an expert witness on the structure and process of drug trafficking.  Police officers have long been allowed to give expert testimony about the nature, structure, and characteristics of drug trafficking, and there was no evidence that Coleman's testimony was unreliable or irrelevant; we

agree with counsel that such an argument would be frivolous. *See United States v. Cruz-Velasco*, 224 F.3d 656, 660 (7th Cir. 2000).

Quinones's sentence at the statutory minimum also makes frivolous any argument under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), or *United States v. Booker*, 125 S. Ct. 738 (2005). Putting aside that drug type and quantity were submitted and found by the jury, Quinones's sentence was well below the default statutory maximum for any amount of cocaine, 21 U.S.C. § 841(b)(1)(c). And though he was sentenced at the statutory minimum, mandatory minimum terms implicate neither *Apprendi, see Harris v. United States*, 536 U.S. 545 (2002), nor *Booker, see United States v. Duncan*, 413 F.3d 680, 683 (7th Cir. 2005); *United States v. Lee*, 399 F.3d 864, 866 (7th Cir. 2005).

Finally, in his Rule 51(b) response, Quinones asserts that the district court should have accepted a plea agreement presented to the court before trial. The agreement would have made Quinones eligible for relief under the "safety valve" and allowed for a sentence below the statutory minimum penalty. *See* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2; *United States v. Montes*, 381 F.3d 631, 634 (7th Cir. 2004) ("The 'safety valve' provision permits a court to sentence certain first-time, non-violent drug offenders who were not organizers of criminal activity and who made a good faith effort to cooperate with the Government to a sentence under the federal guidelines instead of the applicable statutory mandatory minimum sentence."). As counsel clarifies in a supplement to his *Anders* brief, Quinones misunderstands what occurred at the change-of-plea hearing. The district court did not have an opportunity to decide whether to accept Quinones's guilty plea; rather, Quinones preempted that decision by announcing during the plea colloquy that he had changed his mind about pleading guilty and wanted to instead go trial.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.