**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 10, 2006
Decided February 13, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 05-3311

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division |
| *v.* | No. 03-CR-0053 |
| TIMOTHY REDD, *Defendant-Appellant*. | Theresa L. Springmann, *Judge*. |

## O R D E R

Timothy Redd was convicted by a jury of one count of conspiracy to distribute cocaine base, two counts of possession with intent to distribute cocaine base, one count of resisting arrest, and one count of possessing a firearm in furtherance of a drug crime. *See* 21 U.S.C. § 841(a)(1); 18 U.S.C. § 111(b); *id.* § 924(c)(1). He was sentenced to 405 months' imprisonment. Redd filed a notice of appeal, but his appointed counsel moves to withdraw because he cannot discern a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738 (1967). We invited Redd to comment on counsel's motion, and he filed a response. *See* Cir. R. 51(b). Our review

is limited to the potential issues counsel has identified and Redd's response.
*See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first questions whether the district court erred by denying Redd's
pretrial motion for a bill of particulars, which requested disclosure and production of
a lengthy and diverse list of facts, documents, and evidence that he contended was
necessary in order to prepare for trial.  Counsel considers whether the denial of the
motion subjected Redd to prejudicial surprise or prevented him from preparing his
defense.  We review the district court's denial of such a motion for abuse of discretion.
*See United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003).  In doing so, we
ask "whether the indictment sets forth the elements of the offense charged and
sufficiently apprises the defendant of the charges to enable him to prepare for trial."
*Id.* (quoting *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981)).  An
indictment under § 841(a) need not be extremely specific; it need allege only a
conspiracy to distribute narcotics, the time period in which the conspiracy operated,
and the statute violated.  *See United States v. Dempsey*, 806 F.2d 766, 769 (7th Cir.
1986); *United States v. Sweeney*, 688 F.2d 1131, 1140 (7th Cir. 1982).  Here the
indictment set out the elements of the charged offenses; Redd also had access to other
sources of information such as the criminal complaint, and he was allowed to conduct
any discovery he needed.  *See United States v. Canino*, 949 F.2d 928, 949 (7th Cir.
1991) (stating that bill of particulars not required when necessary information is
available in another form, such as the indictment).  The district court correctly
decided that the relevant information that Redd requested, such as "details of the
alleged criminal acts," was available in the indictment, criminal complaint, and
available affidavits, or could have been obtained through discovery.  Because the
indictment was sufficient and the information he requested was available in other
forms, Redd was not entitled to a bill of particulars.  We concur with counsel that it
would be frivolous to proceed on this issue.

Counsel next evaluates whether Redd could argue that the district court erred
by granting the government's motion *in limine* to preclude witnesses subject to plea
agreements from testifying at trial as to their potential criminal liabilities under
their agreements.  Counsel suggests that the court's ruling might have deprived
Redd of his constitutional right to confront and cross-examine witnesses and to
explore potential bias in their testimony.  In the factually similar case of *United
States v. Arocho*, 305 F.3d 627 (7th Cir. 2002), we held that a similar ruling was not
erroneous.  In that case, the district court instructed the jury to consider the
witnesses' testimony "with caution and great care" due to their plea agreements, *id.*
at 636.  That instruction, along with Redd's latitude to establish on cross-
examination that the witnesses had made a plea agreement (but not to inquire as to
the specific sentences they received), was sufficient to protect his Sixth Amendment

right to confront the witnesses. *Id.* As counsel recognizes, the facts here are analogous in that the district court issued a cautionary instruction to the jury, informing them that the witnesses in question had pleaded guilty to the same offenses for which Redd was charged and had been given lighter sentences in exchange for their testimony. Moreover, Redd was free to establish on cross-examination that the witnesses had made plea agreements; the motion *in limine* prevented him only from asking about the "maximum or potential penalties contained" in those agreements. Thus it would be frivolous to contend on appeal that the district court erred by granting the motion.

Counsel next considers an argument that the district court erred by admitting testimony from Redd's coconspirators covering their transactions with him before the dates of the charged offenses. Redd argued before the district court that the testimony of his coconspirators would be unduly prejudicial, and that it should be excluded. However, because the testimony demonstrated, as the district court noted, "the development of the relationship of trust between the parties which led to their roles in the conspiracy," the district court was correct to hold that it was necessary to give the jury a complete picture of the charged offense. *See also United States v. Senffner*, 280 F.3d 755, 765 (7th Cir. 2002) (noting that we have often upheld the admission of evidence demonstrating how a "criminal enterprise began and developed throughout the life" of the conspiracy); *United States v. Ward*, 211 F.3d 356, 362 (7th Cir. 2000). Moreover, such evidence may be admissible if it gives the jury a complete picture of or is otherwise inextricable from the charged offense. *See United States v. Gibson*, 170 F.3d 673, 680 (7th Cir. 1999).

Counsel also asks, similarly, whether Redd might contend on appeal that his coconspirators' statements should have been excluded as hearsay. Various coconspirators testified as to the parties to whom Redd was distributing cocaine base. But under Federal Rule of Evidence 801(d)(2)(E), a "statement by a coconspirator of a party during the course and in furtherance of the conspiracy" is not hearsay. A district court may admit such testimony on a conditional basis if it finds by a preponderance of the evidence that the defendant was a member of the charged conspiracy, and nothing in the record here suggests that the district court erred in so finding. *See United States v. Stotts*, 323 F.3d 520, 521 (7th Cir. 2003). Accordingly, the statements were not hearsay, and we see no nonfrivolous challenge to be made to the district court's evidentiary ruling here.

Counsel also considers an argument that the district court erred by admitting prejudicial evidence of Redd's flight from arrest and the fate of his vehicle. Redd was accused of attempting to run over a police officer with his car before fleeing in it from the scene of an arranged drug transaction; the prosecution intended to admit

evidence that the car was found abandoned and burned out the next day, and that Redd never inquired about or attempted to retrieve the car after being informed that it was being held at an impound lot. But again, this evidence was both relevant and necessary to give the jury a complete picture of the charged offense. As the district court held, without this evidence, there would be a "conceptual void in the story of the case as to why the Defendant was not arrested in his car on the night he purportedly arrested the officer." We again see no abuse of discretion. *See Gibson*, 170 F.3d at 680. It would be frivolous to appeal the district court's decision to admit the coconspirators' testimony or evidence of Redd's flight and the recovery of his car.

Counsel next considers an argument that the district court erred by denying Redd's proposed motion *in limine* to preclude as hearsay the admission of two audio tapes, submitted as evidence of the conspiracy. One tape contained a conversation between Redd and an associate who was acting as a confidential informant, and the other a conversation between the informant and another coconspirator. But Redd's own words are the statements of a party opponent, and are not hearsay. *See* Fed. R. Evid. 801(d)(2)(A). The informant's statements in both tapes were admissible both because they provided context, and because Redd adopted the statements during the conversation by agreeing with them. *See* Fed. R. Evid. 801(d)(2)(B) (outlining admissibility of adopted statements); *Estate of Moreland v. Dieter*, 395 F.3d 747, 754 (7th Cir. 2005) (addressing admissibility of statements offered as contextual information rather than for their truth); *see also United States v. Woods*, 301 F.3d 556, 561 (7th Cir. 2002) (affirming admissibility of informant's comments in a conversation with defendant as context for defendant's admissible comments). As for the coconspirator's statements on the second tape, a district court may provisionally admit such evidence if it finds by a preponderance of the evidence that the defendant was a member of the charged conspiracy. *Stotts*, 323 F.3d at 521. Counsel asserts that the district court was correct to do so, and nothing in the record contradicts him. Accordingly, the coconspirator's statements are admissible as statements in furtherance of the conspiracy. *See* Fed. R. Evid. 801(d)(2)(E); *Woods*, 301 F.3d at 561. We see no nonfrivolous basis on which to challenge the admission of the audio tapes.

Counsel also asks whether the district court erred by denying Redd's motion *in limine* to preclude the admission of a video surveillance tape. Redd argued before the district court that the tape, taken from the surveillance camera at the gas station where authorities first attempted his arrest, was inadmissible because of an alleged discrepancy in the date on the tape. When the district court denied Redd's motion, it did so on the basis that the motion was premature, because the government would have to lay a foundation for the tape's admission before introducing it at trial. When that time came, Redd did not object to the videotape's foundation. He was not

required to do so in order to preserve the issue, *see United States v. Gajo*, 290 F.3d 922, 927 (7th Cir. 2002), and nothing in the record suggests that the foundation was inadequate or that the evidence was otherwise inadmissible.

Counsel also contemplates an argument that the district court erred by denying Redd's motion under Federal Rule of Criminal Procedure 29(a) for a judgment of acquittal. The proposed challenge would assert that no rational trier of fact could have found the elements of the conspiracy, resisting arrest, or possession of a firearm charges beyond a reasonable doubt. But there was more than sufficient evidence of Redd's guilt, including videotape of him resisting arrest and the testimony of an eyewitness to his possession of a firearm. On the basis of that evidence, a reasonable trier of fact could have found the elements of the charged offenses beyond a reasonable doubt. *See United States v. Hach*, 162 F.3d 937, 942 (7th Cir. 1998). As to the sufficiency of the evidence on the conspiracy charge, counsel ably summarizes the evidence against Redd, including the testimony of a confidential informant and coconspirators regarding Redd's role in a cooperative effort to distribute cocaine base. We view the evidence in the light most favorable to the prosecution, and in that light, it would be frivolous to contend that the district court committed error by denying Redd's Rule 29(a) motion. *Id.*

Finally, counsel weighs whether Redd could argue that his motion for a new trial under Federal Rule of Criminal Procedure 33 was improperly denied. The motion contended that there were a wide variety of trial defects, including assertions that the jury venire was racially imbalanced, that he was not allowed to use a preemptory challenge to "back strike" a juror he initially accepted, that five witnesses gave perjurious testimony, that the government withheld exculpatory evidence, that the evidence was insufficient to sustain his conspiracy conviction, that surveillance photographs and telephone transcripts were improperly admitted, that the government's motion *in limine* was improperly granted, and that he was denied a "missing witness" jury instruction. The district court denied Redd's motion in a carefully considered memorandum and order. Counsel concludes, and we concur, that it would be frivolous to argue that the denial was erroneous. Redd failed to offer any evidence, for example, that any testimony was perjurious, or that the government had withheld exculpatory evidence, or, with regard to the "missing witness" instruction, that the witness he had in mind was peculiarly within the government's power to produce and would have given more than merely cumulative testimony. The record does not reveal any error of law in the district court's order, or show any manifest abuse of discretion. *See United States v. Kosth*, 257 F.3d 712, 718 (7th Cir. 2001). Accordingly, it would be frivolous to press forward with an appeal on this issue.

In his Rule 51(b) response, Redd asserts that his trial counsel offered ineffective assistance, apparently for failing to argue that Redd was incompetent to stand trial. But we have consistently held that, due to the need to develop the record, ineffective assistance claims are better saved for a petition under 28 U.S.C. § 2255. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Turcotte*, 405 F.3d 515, 537 (7th Cir. 2005).

We GRANT the motion to withdraw and DISMISS this appeal.