**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 18, 2009[*]
Decided March 19, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-1454

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 05-CR-81-2 |
| MELVIN JONES, | |
| *Defendant-Appellant.* | Suzanne B. Conlon, *Judge.* |

**O R D E R**

Melvin Jones, a former police officer for Dolton, Illinois, was convicted after a jury trial of drug trafficking, *see* 21 U.S.C. §§ 846, 841(a)(1), and theft of government money, 18 U.S.C. § 641. He was sentenced to a total of 97 months' imprisonment. Jones fired his attorney after sentencing and is proceeding pro se on appeal. He contends that (1) the two drug counts in the indictment are defective and fail to charge a crime, (2) the district court

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeals are submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

erred in admitting surreptitious recordings of conversations that included statements by someone who did not testify at trial, (3) the court erred in denying his motion for new trial, and (4) his trial counsel was ineffective. We affirm the judgment.

Jones was snared by an FBI sting that targeted a corrupt lawyer. Harvey Gooden, a drug dealer, began cooperating with the government after he was charged with a gun crime. He disclosed that one of his clients, attorney Christopher Millet, robbed drug dealers with help from the police. With agents recording the conversations, Gooden told Millet he knew a drug dealer worth robbing, and Millet, relying on details supplied by Gooden, planned a heist that he said would be carried out by a police officer. The FBI then put two kilograms of flour and $20,000 in the trunk of a car parked outside a hotel in Harvey, Illinois, and kept watch after Gooden called Millet to tell him the location of the loot. Three men, none of them Millet or Jones, were videotaped stealing the money and flour. The FBI let the thieves walk and instead arrested Millet and persuaded him to cooperate. *See United States v. Millet*, 510 F.3d 668 (7th Cir. 2007). He fingered Jones as the complicit police officer and, with coaching from agents, called Jones several times to lament the "stunt that motherfucker pulled in Harvey" and to propose another robbery.

FBI agents later confronted Jones at his home. He initially denied involvement but confessed after the agents showed him the surveillance photos and played the recordings of his conversations with Millet. Jones identified one of the thieves as "TD" and said he knew TD through a drug dealer and had recruited him to steal the money and drugs. After that he relayed information between Millet and TD. Despite this initial cooperation, however, Jones stopped helping the FBI, and the FBI never caught the men who committed the heist or recovered the stolen $20,000.

At trial the government called just two witnesses: the FBI agent who led the operation and Gooden. The prosecution also introduced phone records detailing the dates, times, and durations of phone calls among the main players and recordings of conversations between Gooden and Millet, and Millet and Jones. Jones testified on his own behalf and denied all involvement.

On appeal Jones argues for the first time that the two drug counts in the indictment (charging conspiracy and attempt, both under 21 U.S.C. § 846) are defective. He asserts that, because conspiracy and attempt crimes necessarily include an underlying offense, *see* 21 U.S.C. § 846, an indictment is invalid unless it contains a citation to the underlying offense immediately following a citation to § 846. In his case neither count contains a citation to § 841(a)(1) immediately following the citation to § 846; thus, he argues, the indictment fails to allege a substantive offense. This contention warrants little discussion. The conspiracy count *does* include a citation to § 841(a)(1) when describing the object of the

conspiracy, and both counts incorporate the statutory language of that provision. A missing citation in an indictment is not a ground to reverse a conviction unless the defendant was misled, *see* FED. R. CRIM. P. 7(c)(3); *United States v. Brumley*, 217 F.3d 905, 913 (7th Cir. 2000), and Jones does not contend that he was mislead by the drug counts. Nor does the record suggest that anyone involved in the trial was confused about the alleged criminal acts. *See United States v. Castaldi*, 547 F.3d 699, 703 (7th Cir. 2008).

Jones next contends that all of the recorded conversations involving Millet, who did not testify at trial, should have been excluded. Millet's statements, according to Jones, were hearsay, and their admission violated his right to confrontation because Millet did not testify. These contentions were not made at trial, so our review is for plain error. *See United States v. Tolliver*, 454 F.3d 660, 664 (7th Cir. 2006); *United States v. Bitterman*, 320 F.3d 723, 727 (7th Cir. 2003).

Jones focuses first on the conversations the FBI recorded between Gooden and Millet planning and executing the theft. Millet's statements, however, are nonhearsay statements of a coconspirator. *See United States v. Stotts*, 323 F.3d 520, 521 (7th Cir. 2003). The government can use statements of a coconspirator against a defendant if it proves by a preponderance of the evidence that the two were in a conspiracy and that the statements were made during and in furtherance of the conspiracy. *See* FED. R. EVID. 801(d)(2)(E); *United States v. Prieto*, 549 F.3d 513, 523-24 (7th Cir. 2008). Here, the government sufficiently established a conspiracy between Millet and Jones. The conversations themselves establish that Millet enlisted a police officer to help rob a drug dealer, and telephone records show phone calls between numbers assigned to Millet and Jones timed with Millet's self-described efforts to arrange the heist. Jones's confession, moreover, renders frivolous any argument that the government failed to link him to the theft of the flour and money. And since Millet's statements concern the planning and execution of the theft—the object of the conspiracy—they were made in furtherance of the conspiracy. *See United States v. Jackson*, 540 F.3d 578, 592 (7th Cir. 2008).

Jones then turns to Millet's conversations with *him*. By the time Millet participated in recorded conversations with Jones, he no longer was a coconspirator because he was a government informant. *See United States v. Schalk*, 515 F.3d 768, 775 (7th Cir. 2008). But Jones's own statements were admissible as party admissions. *See* FED. R. EVID. 801(d)(2)(A); *United States v. Woods*, 301 F.3d 556, 560-61 (7th Cir. 2002). And Millet's statements then were admissible to provide context for Jones's statements. *See Schalk*, 515 F.3d at 775.

What we have said so far also answers Jones's contention that the recordings involving Millet could not be admitted unless Millet testified. The Confrontation Clause limits the use at trial of out-of-court statements that are testimonial, but the right of

confrontation is not implicated by nontestimonial statements. *See Crawford v. Washington*, 541 U.S. 36, 68 (2004); *Tolliver*, 454 F.3d at 664-66. None of Millet's statements are testimonial. Statements of a coconspirator are not testimonial because they are considered party admissions, not hearsay. *See United States v. Hargrove*, 508 F.3d 445, 449 (7th Cir. 2007). Likewise, statements that simply provide context are not testimonial. *See United States v. Van Sach*, 458 F.3d 694, 701 (7th Cir. 2006). Thus, there was no violation of the Confrontation Clause.

Jones makes two other arguments that we do not address. First, he contends that the district court erred in denying a motion for new trial filed ten months after sentencing. *See* FED. R. CRIM. P. 33. In that motion Jones alleges that the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding a recording of one of his conversations with Millet. Jones initially filed the motion in this court, but we denied it because he should have filed it with the district court. We cautioned Jones that he would have to file a separate notice of appeal if he pursued the matter in district court and objected to the ruling, but Jones did not follow our guidance. Our jurisdiction over this appeal does not extend to his motion for new trial. *See* FED. R. APP. P. 4(b)(3)(C); *Johnson v. United States*, 246 F.3d 655, 658-59 (6th Cir. 2001); *cf. Ammons v. Gerlinger*, 547 F.3d 724, 726 (7th Cir. 2008).

Finally, we also decline to address Jones's claim that trial counsel was ineffective. Jones identifies a number of perceived shortcomings in counsel's performance, but as we have explained on many occasions, a claim of ineffective assistance is best reserved for collateral review where the necessary record can be developed. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Spence*, 450 F.3d 691, 694 (7th Cir. 2006); *Peoples v. United States*, 403 F.3d 844, 848 (7th Cir. 2005).

AFFIRMED.