**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 9, 2010
Decided November 16, 2010

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 09-2558

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 07-10114-001 |
| MOZEL PALMER, *Defendant-Appellant.* | Michael M. Mihm, *Judge.* |

**O R D E R**

Mozel Palmer was convicted after a jury trial of a year-long conspiracy to possess and distribute powder and crack cocaine, 21 U.S.C. §§ 846, 841(a)(1), and possession with intent to distribute cocaine on or about October 10, 2006, *id.* § 841(a)(1). The conspiracy began to unravel on October 10th when, in the early hours of the morning, police received a tip about drugs in a motel room in Bloomington, Illinois. Officers found Kourtney Rottunda, one of Palmer's co-conspirators, living there. She consented to a search that uncovered 144 grams of crack and 604 grams of powder cocaine, as well as firearms and drug paraphernalia. Rottunda agreed to cooperate. She testified at Palmer's trial that the drugs had been purchased by Palmer and Michael Sullivan in Chicago the previous day. After returning to Bloomington late in the evening of October 9th, she continued, both Palmer and Sullivan met her at the motel room to divide and package the drugs for further sale.

Sullivan, who eventually pled guilty and also testified against Palmer, confirmed that, hours before the raid on the motel room, he and Palmer had returned to Bloomington with cocaine they had just bought in Chicago. Each of them had taken a share of the drugs to sell, Sullivan explained, but in addition he kept a communal share of drugs "on front" at the motel room; "at any time," he said, the other conspirators could stop by to replenish their allotment, and in the past Palmer had taken advantage of that option. During 2006, Sullivan continued, he and Palmer had made at least 30 trips to Chicago to buy crack and/or powder cocaine. According to Sullivan, there were other trips to Chicago that year that Palmer did not make himself, but even when he did not go along, he still contributed money and shared in the drugs.

Palmer denied any involvement in the drug conspiracy. He insisted that he had traveled to Chicago with Sullivan merely to shop for clothing. And he said he never stopped by the motel room, which he thought Sullivan and Rottunda were using for prostitution. The jury did not buy Palmer's story and instead found him guilty of both conspiracy and possession with intent to distribute.

Palmer's attorney filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 737 (1967), arguing that Palmer had no non-frivolous grounds for challenging his convictions or his sentence. We ordered the lawyer to submit a second brief, see *United States v. Palmer*, 600 F.3d 897 (7th Cir. 2010), and the lawyer, serving by appointment of the court, has done so. Palmer did not respond to the *Anders* brief, and under these circumstances, we deem waived any issues that Palmer or his counsel could have raised but that were not raised by counsel in the second brief. Cf. *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996) (appellate court confines its review to issues raised by facially adequate *Anders* brief).

On appeal Palmer does not challenge the conspiracy conviction or his sentence; he argues only that the government failed to prove that he possessed cocaine with intent to distribute on or about October 10, 2006. His argument fails for two independent reasons. First, reasonable jurors could have believed Rottunda's testimony that Palmer and Sullivan had brought a large amount of cocaine to the motel room hours before it was raided by police. In that case, Palmer would have been in joint and actual possession of the cocaine in question within the time charged in the indictment. Second, even if the jury had discounted Rottunda's testimony and concluded that Palmer was not in actual possession of the cocaine in the motel room that night, the district court properly instructed the jury that Palmer was liable for all foreseeable crimes committed in furtherance of the conspiracy. See *Pinkerton v. United States*, 328 U.S. 640, 646-48 (1946); *United States v. Haynes*, 582 F.3d 686, 707 (7th Cir. 2009); *United States v. Stotts*, 323 F.3d 520, 523 (7th Cir. 2003). And reasonable jurors could have found that Sullivan kept the communal share of cocaine in furtherance of his year-long conspiracy with Palmer and others to purchase drugs in Chicago for sale in central Illinois. In that case, too,

Palmer would have been properly convicted on the charge of possession with intent to distribute.

AFFIRMED.