**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Guillermo FERNANDEZ, Defendant–Appellant.**

**No. 98–1146.**

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 16, 1999.

Decided April 20, 1999.

W. Charles Grace (submitted), Office of United States Attorney, Criminal Division, Fairview Heights, IL, for Plaintiff–Appellee.

David M. Williams (submitted), Fairfield, IL, Guillermo Fernandez (submitted), pro se, Pekin, IL, for Defendant–Appellant.

Before COFFEY, ROVNER, and EVANS, Circuit Judges.

PER CURIAM.

Guillermo Fernandez pleaded guilty to one count of conspiracy to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), 846. He was sentenced to 235 months' imprisonment and fined $2,000. Fernandez's counsel on appeal has filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he believes that there are no non-frivolous grounds for review. However, counsel's *Anders* brief is not adequate. We therefore grant the motion to withdraw, but appoint new counsel for Fernandez.

In *United States v. Wagner*, 103 F.3d 551, 552 (7th Cir.1996), we clarified that when counsel files an *Anders* brief, we will not "scour the record" looking for issues counsel missed. However, we will look at parts of the record relevant to the

issues counsel raises. *See id.* at 553. We chose this "intermediate" level of review because a more searching review wastes the court's resources, unfairly gives the defendant the benefit of a committee of counsel looking for error, and may even be counterproductive for the defendant. *Id.* at 552. But in order for us to apply *Wagner's* standard of review, we must be certain that counsel thoroughly reviewed the record in the case before coming to the conclusion that an appeal would be frivolous. Thus, we look for counsel to "[explain] the nature of the case and intelligently [discuss] the issues that a case of that sort would be expected to involve." *United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997).

■ Counsel's brief in this case adequately explains the nature of the case, but its discussion of the issues is flawed. The argument section of this brief is a mere three pages, which, rather than identifying potential issues for appeal, surveys the proceedings from guilty plea to sentencing, and states bare conclusions that no error existed at any stage of the proceedings. The problem with this brief is magnified in that nearly half of the argument—1½ pages—is devoted to discussing the question of counsel's own effectiveness, even though the brief recognizes that an ineffective assistance argument would be inappropriate in this direct appeal because counsel also represented Fernandez at sentencing. *See McCleese v. United States,* 75 F.3d 1174, 1178 (7th Cir.1996). *Anders* briefs need not contain discussions of all conceivable issues that a case may raise. They need only contain the "points [counsel] might have raised" had he filed a normal appellate brief. *United States v. Edwards,* 777 F.2d 364, 365 (7th Cir.1985).

But the real problem with counsel's brief in this case is not its length but rather the manner in which it discusses the potential issues. In *Edwards,* we instructed how the arguments in an *Anders* brief should be structured:

The brief should (1) identify, with record references and case citations, any feature of the proceeding in the district court that a court or another lawyer might conceivably think worth citing to the appellate court as a possible ground of error; (2) *sketch the argument for reversal* that might be made with respect to each such potential ground of error; and (3) explain why he nevertheless believes that none of these arguments is nonfrivolous.

*Edwards,* 777 F.2d at 366 (emphasis added). Counsel's brief in this case arguably met the first and third *Edwards* requirement, but did not meet the second. In light of *Wagner,* we believe that following *Edwards'* procedure is even more important. For if counsel simply states that there is no problem with the guilty plea, the presentence report, and the sentence, we will be forced to engage in exactly the type of review from which *Wagner* retreated. The lawyer, by not sketching an argument for reversal, forces the court to comb the entire record looking for possible arguments that counsel missed.

Moreover, by failing to flag the potential arguments for reversal, counsel fails to live up to the duty to be "an active advocate on behalf of his client." *Anders,* 386 U.S. at 744. Counsel's "role as advocate requires that he support his client's appeal to the best of his ability." *Id.* By sketching the argument for reversal and allowing the court to decide whether the argument is frivolous, counsel can harmonize his duties to advocate for his client and to not present frivolous arguments to the court. *Anders* does not require counsel to submit arguments as detailed as those that would be in a merits brief, but counsel must at least outline the arguments that he will opine are frivolous, and briefly explain the basis for that opinion.

Our review in this case is further complicated by gaps in the record prepared for appeal. For example, counsel suggests that there was no nonfrivolous argument relating to Fernandez's guilty plea. Coun-

sel then refers to parts of the change of plea hearing that support this contention. But counsel's brief nowhere mentions that Fernandez filed a motion to withdraw his plea, and that the court denied the motion after a hearing. In fact, counsel never requested that a transcript be prepared for the plea withdrawal hearing. Similarly, counsel found no nonfrivolous argument to challenge Fernandez's sentence, but did not have a transcript of the sentencing hearing prepared. As Fernandez himself noted in several of his motions for extending the time for his response to counsel's *Anders* motion, the absence of the hearing transcripts renders impossible any attempt to fully review counsel's judgment that the guilty plea was knowing and voluntary and that Fernandez received a proper sentence.

Lastly, we note that Fernandez's counsel in this case is the same counsel who submitted an *Anders* brief in *Tabb.* Counsel has made again in this case some of the exact mistakes for which we denied his motion to withdraw in *Tabb.* In discussing Fernandez's sentence, counsel states his general conclusion that the sentence was not clearly erroneous, then cites several cases discussing the standard of review in sentencing guideline appeals. Nowhere does counsel indicate the basis for his conclusion that the sentence was correct. This treatment is analogous to counsel's treatment of the ineffective assistance of counsel argument he raised in *Tabb. See Tabb,* 125 F.3d at 585.

Because of counsel's repeated failures to comply with proper *Anders* procedures, we will grant the motion to withdraw, but also appoint new counsel for Fernandez. New counsel may file either a new *Anders* brief in conformance with this opinion or a merits brief; we express no opinion on the merits of this case.

MOTION TO WITHDRAW GRANTED.