**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Priscilla WHITE, Defendant–Appellant.**

**No. 02–3496.**

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 24, 2003.

Decided Feb. 26, 2003.

858

Before BAUER, CUDAHY, and KANNE, Circuit Judges.

ORDER

Priscilla White pleaded guilty to bank fraud charges in 1998, and received a sentence of 18 months' imprisonment, five years' supervised release, and restitution totaling over $ 143,000. After White completed her prison term, she obtained employment and started making restitution payments of $ 200 per month, as required by her supervised release conditions. Her payment schedule was uneven, however, and in some months she simply refused to pay. Additionally, White refused to tender financial records and did not report to the probation department as directed, possibly violating other conditions of her release. Prompted by this recalcitrance, White's probation officer filed in July 2002 a petition seeking a hearing to review White's compliance with the terms of her supervised release. At the hearing White did not contest the probation officer's report, which detailed her occasional failure to pay restitution and the other apparent violations. The district court found that White had violated her supervised release conditions and, following the suggestion of both parties, modified the conditions to require that she spend 120 days in a community correctional facility with work release privileges and undergo mental health examinations and treatment, if necessary.

White now appeals from that decision, but her counsel seeks to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he believes all potential appellate issues are frivolous. Counsel's supporting brief is facially adequate and White has not responded, *see* Circuit Rule 51(b), so we limit our review to the potential issues counsel identifies. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per

curiam); *United States v. Wagner,* 103 F.3d 551, 553 (7th Cir.1996). We agree with counsel that all identified issues would be frivolous, and therefore grant counsel's motion to withdraw and dismiss the appeal.

■ We first consider counsel's potential challenge to the district court's finding that White violated the terms of her supervised release. The facts underlying a violation need be proved only by a preponderance of the evidence, and we review the district court's findings for clear error. *United States v. Trotter,* 270 F.3d 1150, 1153 (7th Cir.2001). Here, the underlying facts demonstrating a violation–that among other things White had simply refused to pay restitution–went undisputed before the district court, and so we agree with counsel that an appellate challenge to the district court's finding that White violated the conditions of her supervised release would be frivolous.

■ Counsel's next potential argument ponders whether the district court properly imposed the 120 days of community confinement. As counsel points out, we review such modifications of the terms of supervised release only for abuse of discretion. *United States v. Sines,* 303 F.3d 793, 800 (7th Cir.2002). In this case, White did not object to the imposition of community confinement; indeed, she communicated through counsel that she thought it was appropriate. Furthermore, the record reveals that in fashioning an appropriate sanction the district court balanced the importance of White's continued employment and the relatively minor nature of her violations against the need to emphasize the importance of her complying with supervised release conditions. In these circumstances, we agree with counsel that any challenge to the district court's exercise of discretion would be frivolous.

Counsel's third potential issue contemplates whether White could argue that the district court failed to comply with the requirements of Federal Rule of Criminal Procedure 32.1 in modifying her supervised release conditions. White had notice of and was legally represented at the modification hearing, *see* Fed.R.Crim.P. 32.1(b), and she had an opportunity to present evidence of her own and to examine and challenge the evidence against her, *see* Fed.R.Crim.P. 32.1(a)(2)(B), (C), and (D). Thus, as counsel concludes, the requirements of Rule 32.1 were satisfied.

■ Lastly, we consider counsel's assertion that a claim of ineffective assistance of counsel would be frivolous. Where trial and appellate counsel are the same ineffective assistance claims should usually be reserved for collateral attacks. *See United States v. Fuller,* 312 F.3d 287, 291 (7th Cir.2002); *United States v. Schuh,* 289 F.3d 968, 976 (7th Cir.2002). This case provides a good example why. Counsel does not pose and then reject any particular theory of ineffectiveness, instead offering only his generalized view that there was nothing more he could have done to better represent White. Perhaps this is so, but counsel's opinion cannot satisfy our requirement that an *Anders* submission sketch the argument for reversal when a potential issue has been identified. *See United States v. Fernandez,* 174 F.3d 900, 901 (7th Cir.1999). Since counsel perceives no deficiency with his own performance, there is no potential claim of ineffective assistance before us.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS this appeal.