In the

# United States Court of Appeals

### For the Seventh Circuit

No. 09-2558

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MOZEL PALMER,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 07-cr-10114-001—**Michael M. Mihm**, *Judge.*

SUBMITTED FEBRUARY 10, 2010—DECIDED APRIL 12, 2010

Before POSNER, TINDER, and HAMILTON, *Circuit Judges.*

PER CURIAM. Mozel Palmer was convicted after a jury trial of conspiracy to possess and distribute powder and crack cocaine, 21 U.S.C. §§ 846, 841(a)(1), and possession with intent to distribute these drugs, *id.* § 841(a)(1). He was sentenced to a total of 288 months' imprisonment. Palmer filed a notice of appeal, but his newly appointed appellate lawyer represents that her client's appeal is frivolous and seeks leave to withdraw under *Anders v. California*, 386 U.S. 738 (1967).

We held in *United States v. Edwards*, 777 F.2d 364, 366 (7th Cir. 1985), that an *Anders* submission must "identify, with record references and case citations, any feature of the proceeding in the district court that a court or another lawyer might conceivably think worth citing to the appellate court as a possible ground of error." This imperative recognizes that a lawyer submitting an *Anders* motion is an officer of the court and is essentially "offering an expert opinion that the appeal is devoid of merit," *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997), and so we must have confidence that counsel thoroughly evaluated the record before we will let the lawyer guide our assessment of the appeal, *id.* at 585. An *Anders* submission provides this assurance when the supporting brief, at a minimum, fully explains the nature of the case. *See United States v. Hamzat*, 217 F.3d 494, 501 (7th Cir. 2000*); United States v. Fernandez*, 174 F.3d 900, 901 (7th Cir. 1999*); Tabb*, 125 F.3d at 584; *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996). But if the brief falls short of that mark, we will not have faith in the lawyer's opinion and must deny the motion to withdraw.

Counsel's brief in this case mirrors an *Anders* motion we rejected in *Tabb*. One of the defendants in that case had been convicted after a jury trial, and his lawyer submitted an *Anders* brief that discussed potential sentencing issues but said nothing about the conduct of the trial. 125 F.3d at 585. We declined to require that every *Anders* brief filed after a trial include potential claims about the conviction, but we did emphasize that this court will not infer that counsel made an informed decision to include only sentencing issues unless the

brief sets out the nature of the case and the course of pro-ceedings in enough detail to demonstrate that counsel evaluated the *entire* record. *Id.* And because counsel had failed to make any reference to the conduct of his client's trial, we explained, we were not convinced that "he made a reasoned decision not to raise the issues he has omitted." *Id.*

We are confronted with the same problem in Palmer's case. His lawyer discusses potential sentencing issues in what appears to be an adequate manner and depth but does not evaluate even one possible argument about the underlying convictions. Those convictions followed a jury trial that spanned five days and produced a transcript weighing in at more than 1,200 pages, and it seems improbable that in those pages or elsewhere in the pretrial proceedings there is nothing at all that "a court or another lawyer might conceivably think worth citing to the appellate court as a possible ground of error." *See Edwards*, 777 F.2d at 366. It could be that Palmer does not wish to challenge his convictions, and if counsel had said this in her brief, perhaps we could accept the representation without the need for a narrative about the proceedings leading to the guilty verdicts. *Cf. United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002) (explaining that a lawyer moving to withdraw under *Anders* should ignore potential issues arising from a guilty plea unless the defendant wants the plea set aside). Palmer has not responded to our invitation to comment on counsel's motion and brief. *See* CIR. R. 51(b). Such silence might reflect agreement with counsel's *Anders* motion; however, we cannot consider a defendant's decision not

to respond to be conclusive proof of acquiescence. *See Wagner*, 103 F.3d at 552. But especially here, where counsel is also silent about any potential trial errors, an *Anders* brief will not be adequate unless its narrative of the proceedings during and before trial convinces us that counsel omitted by design, rather than oversight, all discussion of potential appellate claims arising from the defendant's convictions. *See Tabb*, 125 F.3d at 585; *Wagner*, 103 F.3d at 553. So much can happen during a trial of this length, and when presented with an *Anders* motion, we are not free to assume that counsel combed the entire record but found nothing else worth discussing. *See McCoy v. Court of Appeals of Wis., Dist. 1*, 486 U.S. 429, 442 (1988); *United States v. Pippen*, 115 F.3d 422, 426 (7th Cir. 1997).

We are comfortable inferring that counsel exercised "sound judgment," *see Tabb*, 125 F.3d at 585, in deciding to forego discussing whether Palmer could challenge the sufficiency of the evidence underlying his convictions. Counsel includes a robust account of the overwhelming evidence marshaled against Palmer at trial, and since she did not represent him until this appeal, her detailed description must have been culled from carefully reviewing the trial testimony and exhibits. But a claim of insufficient evidence is just one of many appellate issues that may arise when a criminal case is decided at trial, and counsel's chronicle of the evidence considered by the jury offers no assurance that she was attentive to possible errors in the conduct of the trial or the pretrial proceedings. Counsel does not mention, for example, that Palmer objected to some of the trial

evidence, or that he was refused a jury instruction on his theory of defense, or that he moved for a new trial after the guilty verdicts. It may be that counsel evaluated these disputed rulings and did not judge them worthy of mention as potential issues, but her mastery of the trial evidence is not enough for us to draw that inference.

It will be the unusual case when a lawyer representing a defendant convicted at trial cannot identify anything but sentencing issues to include in an *Anders* submission. This appeal may be such an exception, but for now we cannot rely on counsel's representation that the case is frivolous. The problem here is that counsel's *Anders* submission recounts the trial evidence in isolation without *any* mention of the pretrial proceedings or the conduct of Palmer's trial. If counsel had disclosed the disputes that arose before and during trial—if she had provided *context* for her robust summary of the government's evidence—then we would infer that she made a reasoned decision not to identify any potential issue arising from those adverse rulings. But as it now stands this brief does not reflect the close scrutiny that we expect from a lawyer who represents that her client's appeal is frivolous, and unless counsel revises her submission to fully explain the nature of the case and course of proceedings, we cannot be confident that she conducted a thorough examination of the entire record with an eye to *all* potential appellate issues. That process may or may not bring to counsel's attention additional matters worthy of inclusion in an *Anders* brief, but if it does not, it will at least allow us to rely on counsel's "expert opinion" that the appeal is frivolous. *See Tabb*, 125 F.3d at 584.

Counsel's motion to withdraw is DENIED. Counsel will have 60 days to revise her *Anders* submission to comply with this opinion or, in the alternative, to file a merits brief.