NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 19, 2019
Decided December 20, 2019

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-1608

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 18-CR-30021-MJR |
| EMMANUEL D. ABDON, *Defendant-Appellant*. | Michael J. Reagan, *Judge*. |

**O R D E R**

A jury found Emmanuel Abdon guilty of two counts of sex crimes: attempted enticement of a minor, and travel with intent to engage in illicit sexual conduct. *See* 18 U.S.C. §§ 2422(b), 2423(b). The district court imposed a below-Guidelines sentence of 240 months' imprisonment on each count (to be served concurrently) and five years' supervision following his release. Abdon has filed a notice of appeal, but his lawyer asserts that the appeal is frivolous and moves to withdraw from representation. *See Anders v. California*, 386 U.S. 738 (1967). Abdon responded to this motion. *See* CIR. R. 51(b). Counsel's brief explains the nature of the case and addresses potential issues that this kind of appeal might involve. Because the analysis in counsel's brief appears thorough, we limit our review to the subjects he discusses and to the arguments Abdon raises. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel begins by considering whether Abdon could challenge any aspect of the pretrial or trial proceedings, and after properly reviewing the record, *see United States v. Palmer*, 600 F.3d 897 (7th Cir. 2010) (per curiam), correctly concludes that he could not. Counsel advises us that the district court granted all of Abdon's pretrial motions and denied the government's pretrial motions to which Abdon had not stipulated. Likewise, at trial the defense made no objections to the government's evidence of child enticement and travel, and the district court did not grant any of the government's objections.

Next, counsel asks whether Abdon might reasonably challenge his sentence on procedural grounds. Counsel rightly concludes that Abdon could not reasonably challenge the Guidelines range because the district court calculated it correctly, and in any case, counsel told the district court that Abdon had no objections to it. Abdon had a criminal history category of I and a total offense level of 43, resulting in a Guidelines recommendation of life imprisonment on the first count (enticement of a minor) and 360 months' imprisonment on the second count (travel with the intent to engage in illicit sexual conduct). The court asked whether Abdon objected to these calculations, and he said that he did not, so Abdon has forfeited or waived appellate objections to the Guidelines range, *see United States v. Flores*, 929 F.3d 443, 448 (7th Cir. 2019), and he would lose under plain error review. Counsel also correctly rejects as pointless an argument that the district court did not review the aggravating and mitigating factors in discussing the sentencing factors under 18 U.S.C. § 3553(a). The court noted that, in aggravation, the 13-year-old victim was emotionally vulnerable; Abdon lied to her repeatedly in an attempt to rape her; his low intelligence did not explain his misconduct; and he has not shown remorse. In mitigation, it noted that Abdon had a negligible criminal history, was himself abused as a child, and suffered from post-traumatic stress disorder stemming from that abuse.

Counsel then explores challenging the substantive reasonableness of Abdon's sentence and rightly concludes that doing so would be futile because the district court adequately weighed the § 3553(a) factors in imposing a below-Guidelines sentence. Even a within-Guidelines sentence is presumptively reasonable. *See United States v. Cunningham*, 883 F.3d 690, 701 (7th Cir. 2018). Abdon could have received a life sentence; instead, he will serve just twenty years. In arriving at this sentence, the court permissibly balanced the competing factors mentioned above. Moreover, the district court did not omit any factors in fashioning the sentence. Thus, we would have no reason to disturb the presumption accorded to the sentence.

Finally, counsel properly determines that any claim of ineffective assistance of counsel would not be appropriate on direct appeal; that argument is better saved for collateral review. *See United States v. Jones*, 696 F.3d 695, 702 (7th Cir. 2012).

Abdon presents one possible issue for appeal: that the district court improperly allowed an officer to testify about messages and emails between him and the victim. He says that the court allowed the officer to "summariz[e] evidence, interpret[] plain language, and draw[] inferences that the jury needed to make." But Abdon does not cite any examples of this or even identify which of the many testifying officers he is referring to. We have reviewed the trial transcripts to try to identify what Abdon has in mind, but we were unable to find any testimony that might correspond to this argument. We therefore conclude that this argument, too, would be frivolous.

We GRANT counsel's motion to withdraw and DISMISS the appeal.