**ABATED and Opinion Filed August 25, 2023**



**In the**

**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00640-CR**

**STEPHANIE BELIJANA LIMAURO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-82584-2020**

## MEMORANDUM OPINION

Before Justices Molberg, Carlyle, and Smith
Opinion by Justice Carlyle

This is the court's second opinion in this appeal from a jury verdict in a first-degree felony case. In the first opinion, we addressed deficiencies in the initial appellate lawyer's *Anders*[1] brief and ordered the trial court to appoint new counsel. *See Limauro v. State*, No. 05-21-00640-CR, 2022 WL 3097813 (Tex. App.—Dallas Aug. 4, 2022, no pet.) (mem. op., not designated for publication). The trial court did so, and now, roughly a year later, we are presented with Ms. Limauro's second

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

appellate counsel filing a second, more thoroughly supported motion to withdraw and *Anders* brief.[2] *See Kelly v. State*, 436 S.W.3d 313, 318 (Tex. Crim. App. 2014).

This court has recently issued many opinions in *Anders* cases attempting to instruct appellate counsel in the *Anders* procedure. *See Crowe v. State*, 595 S.W.3d 317 (Tex. App.—Dallas 2020, no pet.); *see, e.g.*, *Jessie v. State*, Nos. 05-20-00995-CR *et seq.*, 2022 WL 1164657 (Tex. App.—Dallas April 20, 2022, no pet.) (mem. op., not designated for publication); *Gray v. State*, No. 05-20-00121-CR, 2021 WL 3042667 (Tex. App.—Dallas July 19, 2021, no pet.) (mem. op., not designated for publication); *Nadeau v. State*, No. 05-19-01137-CR (Tex. App.—Dallas June 30, 2021, no pet.) (mem. op., not designated for publication); *Owens v. State*, No. 05-19-00371-CR, 2020 WL 5228149 (Tex. App.—Dallas Sept. 2, 2020, no pet.) (mem. op., not designated for publication); *Arevalos v. State*, No. 05-19-00466-CR, 2020 WL 5087778 (Tex. App.—Dallas Aug. 28, 2020, no pet.) (mem. op., not designated for publication).

The *Anders* procedure is used in criminal cases when appellate counsel, cognizant of her ethical duties not to raise frivolous issues on appeal, can identify no non-frivolous issues to raise for appeal. *See Kelly*, 436 S.W.3d at 318. Counsel must then draft an exceptionally detailed account, providing this court a roadmap

---

[2] The choice of section headings and their order suggest counsel referred to the court's "*Anders* Guidelines," which we appreciate and note are available at https://www.txcourts.gov/5thcoa/practice-before-the-court/anders-guidelines-forms/.

explaining why, at each turn, there are only frivolous issues to be raised on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008). To counsel's credit here, we are presented an *Anders* brief that walks us through each section of the trial. Properly done, an *Anders* brief is an exhaustive endeavor.

*Anders* briefs also present a troubling challenge to the lawyer-client relationship: the person entrusted to have a convicted criminal defendant's best interests at heart files a brief minutely detailing why the client has no shot on appeal. In the case of a guilty plea, with or without a plea agreement, this challenge is minimal. *See High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978) (referring to guilty plea cases in this context). These proceedings are not protracted; they present little fodder for appellate issues; and what fodder they do have is often negated by the easy compliance with procedural and substantive rules.

But filing *Anders* briefs following jury trials should almost never occur. *See United States v. Palmer*, 600 F.3d 897, 899 (7th Cir. 2010) ("It will be the unusual case when a lawyer representing a defendant convicted at trial cannot identify anything but sentencing issues to include in an *Anders* submission."); Federal Criminal Appeals § 1:53, 55–56 (Thomson Reuters 2013) ("Certainly, an appeal based on a trial record should almost never be the subject of an *Anders* brief, because if there is an issue worth trying, there is likely to be an issue worth appealing."). Ohio courts have suggested that "because factual issues are involved, rarely will an

*Anders* brief be appropriate for appellate review of a jury trial." *State v. Lawrence*, 121 N.E.3d 1, 8 (Ohio Ct. App. 2018) (cleaned up).

**Analysis**

We begin with counsel's "Ground for Review Number Two," which encompasses most parts of the trial. Counsel ably discharges the duty related to the indictment's sufficiency, though again, a citation to relevant case law would be more appropriate than no case law. Counsel then discusses competency, noting there were no motions regarding the topic and no evidence supporting a lack of competency, though a defense expert testified to Ms. Limauro's mental health diagnosis during the punishment phase. Counsel correctly notes there were no adverse pretrial rulings and none during trial, other than the denial of instructed verdict discussed further below.

Counsel refers to the trial objections, including sustained defense objections. Counsel ably discusses why one of trial counsel's objections was incorrect, leading us to infer that counsel's point that the objections preserved nothing for our review. And, counsel describes why a second objection was wholly baseless. Counsel then notes there were objections to State's Exhibits 51–60, records of Ms. Limauro's prior criminal cases. But counsel fails to explain why there is no arguable issue as to the trial court's decision to overrule trial counsel's objection. We cannot assume counsel has made a thorough and professional evaluation of this issue.

Counsel explains the voir dire proceedings by stating that six "potential jurors were excused for cause. (*RR 2, pg.128*). Upon review of the record, both the State and trial counsel for Appellant properly interviewed the venire panel and the panel was properly impaneled. (*RR 2, Pg.'s 129-131*)." This, like several of counsel's other statements in the brief, is a conclusion, not analysis. It does not explain whether there were any objections during voir dire, and it does not address any of the court's actions related to voir dire. *Anders* itself overruled a California procedure as insufficient where appointed counsel would file a "no-merit letter" that set forth no more than a "bare conclusion." *See Anders*, 386 U.S. at 742–44. Bare conclusions, even those following adequate fact recitations, do not satisfy counsel's obligation to provide us a "roadmap" for our review, ensuring that counsel has "made a thorough and conscientious examination of the record." *See Schulman*, 252 S.W.3d at 406–08.

In addition, we are concerned with counsel's evaluation of the jury charge. That analysis states only that "[t]he jury charge follows the requirements set out in Article 36.14 of the Texas Code of Criminal Procedure. (*CR Pg.'s 53-58*)[.] The jury charge was presented to State and trial counsel and there were no objections to the charge found in the record." The fact that there were no objections to the charge only changes the appellate standard of review for jury charge error. *See Ngo v. State*, 175 S.W.3d 739, 743 (Tex. Crim. App. 2005) (en banc); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (en banc). For this reason, jury charges are arable ground for the criminal appellate practitioner seeking issues to raise. But the

standard of review does not at all affect whether there is a non-frivolous issue for appeal. Counsel's *Anders* analysis of the jury charge—both because it is conclusory and because it erroneously describes the law—fails to demonstrate the required professional evaluation.[3]

Here, appellant's trial lawyers lodged a valiant defense, based primarily on the State's proof as to identity. The evidence presented fact questions, as there were multiple potential assailants and the complaining witness knew none of them. The analysis portion of counsel's *Anders* brief addressing evidentiary sufficiency only states "Based on the testimony of Raquel Felder and the testimony of the State's witnesses, the State met their burden and the jury found beyond a reasonable doubt, each and every element in the offense. Therefore, the evidence was sufficient to support the conviction."

Though counsel had previously laid out the facts of the case, this conclusory summary shortchanges the *Anders* process. A sufficient *Anders* brief must explain why raising an issue would be frivolous. Counsel's short statement does not meet that burden. Even though counsel has presented us a "robust account," of the

---

[3] Counsel can and should advocate for "a change in rules of law if rational arguments can be advanced in support of the change." *See High*, 573 S.W.2d at 811 (quoting *Johnson v. United States*, 360 F.2d 844, 847 (D.C. Cir. 1966) (per curiam) (Burger, then-J., concurring)); *see, e.g.*, *United States v. Battin*, 236 F. App'x 157, 157 (5th Cir. 2007) ("[He] correctly concedes that his argument is foreclosed, and he states that he raises the issue to preserve it for possible further review.").

Long ago, the Court of Criminal Appeals noted issues with certain jury charge language in *Boyett v. State*, 692 S.W.2d 512, 515 (Tex. Crim. App. 1985) ("We agree with appellant that the charge given in the instant case should have more explicitly instructed the jurors. . . . ."). Language like this may be fodder for an issue in this, or another, case.

evidence marshalled against Ms. Limauro, we are not comfortable characterizing it as "overwhelming," and therefore, cannot infer based on the *Anders* presentation here that counsel "exercised sound judgment in deciding to forego" raising a sufficiency challenge. *Cf. Palmer*, 600 F.3d at 899 (cleaned up) (expressing comfort inferring sound judgment from detailed recitation of "overwhelming evidence").

And this returns to the point: *Anders* briefs following jury trials present significant challenges to appellate defense counsel. In fact, it would likely be far easier for counsel to challenge something like the evidentiary sufficiency than to lay down arms with an *Anders* brief, especially given that there is a real, albeit debatably successful argument that the State's evidence insufficiently established Ms. Limauro's guilt.

That's just the point of the criminal appeal, however: to further test the court's, the jury's, and the State's actions. *See Johnson*, 360 F.2d at 847 (Burger, then-J., concurring) ("The advocate's role and duty on appeal, as at trial, is not to 'win' or set his client free, but to see that the case is tried and reviewed in accordance with a set of rules which have evolved from centuries of experience and which are still being changed.").

The *Anders* brief sections must not read like a court's opinions on an issue should read, exercising the judicial decision-making process to explain why we overrule the issue. The *Anders* brief explains why the issue would be frivolous for the lawyer to have raised, a totally different analysis. A non-frivolous issue for appeal

does not mean an issue on which the appellant will likely prevail. *See Bowen v. State*, No. 05-21-00845-CR, 2023 WL 5199585, at 1 n.2 (Tex. App.—Dallas Aug. 14, 2023, no pet. h.) (cautioning counsel not to "conflate frivolity with reversibility").

Counsel next states "Upon thorough examination of the record, no fundamental error is apparent." Counsel does not explain what fundamental errors are being described. The United States Supreme Court has described several fundamental errors, but without further description from counsel, including record citations backing up the no-error assertions, we are unable to evaluate counsel's bare conclusion.

Counsel devotes the next section to explaining how the punishment was within the proper range for an enhanced first-degree felony. Counsel discharges the *Anders* duty in this section, though to be more correct, counsel should refer to the Eighth Amendment and cite at least some case law describing the legal conclusion that sentences within the applicable range of punishment are presumed to be constitutional.

Counsel next states the conclusion that the judgment accurately reflects the sentence and any credit for time served. Generally, judgment correction issues are not actually substantive issues that would result in reversal. That said, they are appropriately raised, even in an *Anders* brief, at counsel's discretion. *See Allison v. State*, 609 S.W.3d 624, 628 (Tex. App.—Waco 2020, no pet.) (approving raising non-reversible issues in *Anders* briefs).

Counsel's final section, in a single sentence, seeks to assure this Court that Ms. Limauro received the effective assistance of counsel. This is inadequate. Prevailing on an ineffective assistance of counsel issue on direct appeal is difficult, primarily because the claimed conduct or omission will rarely be the subject of an automatic determination of ineffectiveness and because so much claimed ineffectiveness will be unsupported by the bare trial record. *See Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007).

Finally, counsel's "Ground for Review Number One" presents a statement why the court correctly denied the instructed verdict as to the State's proof of a deadly weapon. Citing case law relevant only to the standard of review, and proceeding to discuss the issue as an appellate court might when rejecting an issue, counsel's explanation why the issue is non-frivolous fails. Counsel's conclusion is the most apparent evidence of our characterization: "the trial court did not err in denying Appellant's motion for instructed verdict." As we discussed earlier, explaining why raising an issue would be frivolous does not necessarily include the judicial type of reasoning we employ when overruling an issue; it must show how case law and the facts foreclose the issue. And counsel's explanation is insufficient: it includes almost exclusively excerpts of the State's argument and gives short shrift to trial counsel's focused and complete arguments. We conclude there is at least a non-frivolous argument to be made on the matter.

**Conclusion**

*Anders* briefs should be an arduous option for the criminal appellate practitioner. Detailing each portion of the trial, bringing to our attention not only every possible avenue for error but also providing the legal basis for why there is no non-frivolous issue—particularly in a case that went to jury trial and verdict—is no easy feat. Though we appreciate counsel's effort here, the brief falls short.

Having identified deficiencies in counsel's briefing and having concluded that potential non-frivolous issues remain, we grant counsel's motion to withdraw, again abate the case, and remand to the trial court for the appointment of new appellate counsel.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

210640f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)