In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-3517

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

VINCENT CORNER,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 07-cr-104 — **Barbara B. Crabb**, *Judge.*

ARGUED JULY 8, 2020 — DECIDED JULY 24, 2020

Before WOOD, BARRETT, and ST. EVE, *Circuit Judges.*

PER CURIAM. Vincent Corner violated the conditions of his
supervised release, and he was sentenced to 18 months' im-
prisonment followed by 42 months' supervised release. Cor-
ner later moved for a reduced sentence under section 404 of
the First Step Act of 2018. The district court did not assess
Corner's eligibility for relief under the Act, explaining that it
would not lower his sentence regardless of his eligibility be-
cause he had violated the terms of his release. Corner appeals,

arguing that it was procedural error for the district court to deny relief without first determining whether the Act applied to his sentence and what the new statutory penalties would be. We agree, so we vacate the judgment and remand for further proceedings.

While serving a term of supervised release for possessing with intent to distribute 11 grams of cocaine base (i.e., crack), 21 U.S.C. § 841(a)(1), Corner violated the conditions by using and possessing illegal drugs, failing to comply with drug testing, and lying to his probation officer about his inability to maintain employment. Because Corner had tested positive for controlled substances more than three times in one year, the district court determined that revocation of his supervised release was mandatory. *See* 18 U.S.C. § 3583(g)(4). The court noted that the statutory maximum for Corner's reimprisonment was three years, *id.* § 3583(e)(3), and that another term of supervised release of 60 months, minus the revocation sentence, could be imposed, *id.* § 3583(h). It sentenced Corner to 18 months' imprisonment (half of the statutory maximum) and 42 months of supervised release.

Shortly after Corner was sentenced, Congress passed the First Step Act of 2018, which empowers district courts to reduce a defendant's sentence by applying the Fair Sentencing Act of 2010 retroactively. First Step Act of 2018, Pub. L. No. 115–391, § 404(b), 132 Stat. 5194. The Fair Sentencing Act, in relevant part, modified 21 U.S.C. § 841(b)(1)(B)(iii)—under which Corner was convicted—by reducing the statutory minimum penalties and increasing the amount of crack necessary to trigger those penalties from 5 grams to 28 grams. Fair Sentencing Act, Pub. L. 111-220, § 801, 124 Stat. 2372.

Corner moved under 18 U.S.C. § 3582(c) for a reduction of his revocation sentence and term of supervision based on § 404 of the First Step Act.[1] Pursuant to a standing order in the Western District of Wisconsin, the district court appointed counsel for Corner. Corner argued that, although his current sentence was for violating the terms of his supervised release, he was eligible for a reduction under the Act because his original conviction was for violating 21 U.S.C. § 841. He asserted that a reduction was warranted to further Congress's intent in passing section 404 by reducing the inequity between his total sentence and the sentences of similarly situated powder-cocaine defendants. It would also promote fair sentencing for Corner, whose 140-month sentence was greater than necessary to promote the goals of sentencing because it was imposed based on a now-superseded guideline range.

Corner then pointed out, correctly, that, had the Fair Sentencing Act applied at the time of his original sentencing, there would have been three material differences. First, the statutory range is now 0 to 20 years' imprisonment; at the time of sentencing, it was 5 to 40 years. Second, his original crime now carries a maximum revocation sentence of two years' imprisonment; he was sentenced to 18 months' imprisonment with the understanding that his crime carried a maximum revocation sentence of 3 years. And third, his underlying offense now carries a minimum of three years' supervised release, but the additional 42 months of supervision that the court ordered to follow his revocation sentence was imposed

---

[1] This court recently held that the First Step Act itself authorizes such motions, so a petitioner for a reduced sentence under section 404(b) does not need to invoke § 3582 as a "vehicle" for relief. *United States v. Sutton*, 962 F.3d 979, 984 (7th Cir. June 23, 2020).

with the understanding that the underlying drug offense re-
quired a minimum of four years' supervised release.

The government argued in response that, because Corner
had completed his sentence for the crack conviction, he was
not eligible for relief under the First Step Act with respect to
the revocation sentence. Even if Corner were eligible, it ar-
gued, his repeated violations of the terms of his supervised
release warranted the 18 months of reimprisonment and the
additional 42 months' supervision.

The district court denied Corner's motion. It first con-
cluded that deciding whether he was eligible for relief under
the First Step Act was unnecessary because the court "would
deny his request for a reduction" even if he was. The court
cited Corner's untruthfulness with his supervising probation
officer, his refusal to comply with drug testing, his persistent
use of illegal drugs, and his inability to hold down a job. These
were the same grounds it had given for the revocation sen-
tence. Further, the court noted that the 18-month prison term
was permissible because it did not exceed the new maximum
revocation penalty of two years. Finally, the court, without
further explanation, declined to reduce Corner's new period
of supervised release, but it said it would later consider a
modification if his conduct on supervision warranted it.

Corner completed his 18-month revocation sentence and
began his 42 months of supervision in March 2020. On appeal,
Corner argues that the district court committed reversible er-
ror by failing to decide his eligibility under the First Step Act
before denying his motion for a reduced sentence. By omit-
ting that step, Corner asserts, the court failed to determine
what lower statutory penalties would have applied to his
original conviction if the Fair Sentencing Act had been in

place, and therefore it had no baseline from which to exercise its new discretion. We conclude that a district court's discretionary determination whether to grant a petitioner's motion for a reduced sentence under the First Step Act must be informed by a calculation of the new sentencing parameters.

Section 404 of the First Step Act provides that anyone who is eligible for relief under the Act can move for a reduced sentence and directs district courts to consider the motion with reference to the statutory guidelines imposed by the Fair Sentencing Act. From there, the court's decision is discretionary; section 404(c) makes clear that the court is never required to reduce a sentence under section 404(b). What, procedure, if any, a court must follow before making that decision, is up for debate: Courts generally agree that plenary sentencing is not required, *see United States v. Foreman*, 958 F.3d 506, 510 (6th Cir. 2020) (collecting cases); several courts say that consideration of the 18 U.S.C. § 3553(a) sentencing factors is appropriate; *see United States v. Shaw*, 957 F.3d 734, 740 (7th Cir. 2020); *United States v. Harris*, 960 F.3d 1103, 1106 (8th Cir. 2020) (collecting cases); and some courts have determined that First Step Act decisions are reviewable for procedural and substantive reasonableness. *See Foreman*, 958 F.3d at 515; *Harris*, 960 F.3d at 1106–07. Few cases, however, discuss more generally how a district court should proceed when asked to reduce a sentence under section 404.

Corner frames the issue on appeal as an "eligibility" question, and the government follows suit, but eligibility is simply the gateway to resentencing under the First Step Act and is determined by "the statute of conviction alone." *Shaw*, 957 F.3d at 739. The district court's discretionary decision to grant or deny the request for a reduced sentence is the main event.

So the question here is less about determining eligibility than determining the *consequences* of eligibility—the new statutory penalties—and whether a district court can reasonably exercise its discretion without doing so. The text of the First Step Act, however, suggests that it cannot.

The statute contemplates a close review of resentencing motions: section 404(c) states that a person cannot seek relief under the Act more than once if the first motion was "denied *after a complete review of the motion* on the merits." First Step Act § 404(c) (emphasis added); *see also Shaw*, 957 F.3d at 743; *United States v. Boulding*, 960 F.3d 774, 784 (6th Cir. 2020). The requirement that a motion under § 404 receive a "complete review" suggests a baseline of process that includes an accurate comparison of the statutory penalties—and any resulting change to the sentencing parameters—as they existed during the original sentencing and as they presently exist. "A resentencing predicated on erroneous or expired guideline calculation," or a decision to decline resentencing without considering at all the guidelines, "would seemingly run afoul of Congressional expectations." *Boulding*, 960 F.3d at 784.

This is comparable to the procedural requirement that a district court correctly compute the applicable sentencing guidelines range before deciding, in its discretion, what sentence to impose. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Although a court can impose a sentence outside a properly calculated range, the guidelines "must be considered seriously and applied carefully." *United States v. Lopez*, 634 F.3d 948, 953 (7th Cir. 2011). And a failure to properly calculate and consider the guidelines amounts to a reversible procedural error. *United States v. Griffith*, 913 F.3d 683, 687 (7th Cir. 2019).

Not considering the lower statutory penalties now applicable to Corner's offense of conviction was procedural error for the same reason: the court decided what to do without first determining the parameters of what it *could* do. The court's uninformed exercise of discretion, therefore, was divorced from the concerns underlying the Fair Sentencing Act (applicable to Corner through the First Step Act), which sought to redress the extreme inequity between sentences for crack and powder cocaine offenses deemed irrational and unfair by Congress. The district court declined to entertain concerns about the fairness or equity of Corner's revocation sentence, even though he already served a prison sentence that was, by current standards, substantially longer than necessary to promote the goals of sentencing.

The government argues that, even if the district court erred by declining to consider the modified statutory penalties, this court should nevertheless affirm because any error was harmless: the court would have imposed the same sentence, and, in any event, Corner has now finished serving his revocation sentence. True, a procedural error (such as a miscalculation of the applicable guidelines range) is not reversible if it's clear that the court did not rely on it when selecting the sentence. *United States v. Snyder*, 865 F.3d 490, 500 (7th Cir. 2017). In fact, we encourage district courts to exercise discretion under § 3553(a) rather than impose a guidelines sentence when faced with a tricky and disputed guidelines calculation. *See United States v. White*, 883 F.3d 983, 987 (7th Cir. 2018). But we "must be sure that an alternate ruling is 'not just a conclusory comment tossed in for good measure,' but rather reflected a 'detailed explanation of the basis for the parallel result.'" *Shaw*, 957 F.3d at 740 (quoting *United States v. Foster*, 701 F.3d 1142, 1158 (7th Cir. 2012)).

The necessary explanation is lacking here. Rather than consider the penalties and then decide that the existing sentence was nevertheless the best one, the court treated the new penalties as irrelevant. That is inconsistent with the statutory command to consider motions under section 404 "as if" the Fair Sentencing Act had applied at the time the original crime was committed. First Step Act § 404(b).

In any case, the district court's exercise of its discretion was unreasonable because it did not address Corner's argument that he deserved a reduced sentence in light of the goals and policies of the First Step Act. In sticking with the original terms of reimprisonment and supervised release, it cited only the reasons it had given at the time it first selected them—before the First Step Act became effective. The sentence was based on parameters that no longer apply, but the district court did not analyze whether that sentence was still appropriate in light of the changed statutory penalties (and corresponding effects on the sentencing guidelines) as the First Step Act requires. Such a barebones explanation amounts to no exercise of discretion at all. And a district court's non-exercise of discretion is itself an abuse of discretion. *Dolin v. GlaxoSmithKline LLC*, 951 F.3d 882, 889 (7th Cir. 2020).

Congress afforded district courts wide discretion in the First Step Act context. But by not considering what reduced penalties would now apply to Corner's offense, the district court fell short of the review envisioned by the Act. Corner has finished serving his revocation sentence, but his appeal is not moot because the court could still reduce his term of supervised release. *See Mont v. United States*, 139 S. Ct. 1826, 1834 (2019); *United States v. Sutton*, 962 F.3d 979, 982 (7th Cir.

June 23, 2020). We therefore VACATE the district court's judgment and REMAND for further proceedings.