NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 5, 2021
Decided January 22, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 20-2436

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 4:96-cr-40036-JPG-002 |
| DAVID EARNEST, *Defendant-Appellant.* | J. Phil Gilbert, *Judge.* |

**O R D E R**

In 2019, David Earnest moved under the First Step Act to reduce his sentence to time served (approximately 290 months). *See* First Step Act, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194 (2018). Earnest was convicted in 1996 of one count of conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 846, and one count of distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). He received two career-offender sentences of 420 months' imprisonment with 5 years' supervised release, running concurrently. While incarcerated, Earnest was convicted in the Southern District of Texas of assaulting a federal officer and sentenced to a consecutive sentence of 262 months in prison. After considering Earnest's conduct before and after sentencing, including the relevant factors under 18 U.S.C. § 3553(a), the district court declined to reduce his sentence for the drug offenses. Earnest appeals, but his counsel asserts that

the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). For the following reasons, we grant counsel's motion and dismiss the appeal.

We have never held that *Anders* applies to an appeal challenging a decision under § 404 of the First Step Act. *Anders* does not extend to other proceedings in which a defendant seeks to reduce his sentence following a retroactive sentencing change under 18 U.S.C. § 3582. *See Pennsylvania v. Finley*, 481 U.S. 551, 554–55 (1987); *United States v. Foster*, 706 F.3d 887, 888 (7th Cir. 2013). But we have held that the First Step Act is a procedural "vehicle" distinct from § 3582. *United States v. Sutton*, 962 F.3d 979, 984–85 (7th Cir. 2020). So we will follow the *Anders* safeguards here to ensure our consideration of all potential issues. *See United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016) (applying *Anders* safeguards in revocation proceedings in which defendant had no constitutional right to counsel).

Counsel's brief appears thorough; it explains the nature of the case and the issues that an appeal of this kind might be expected to involve. We notified Earnest of counsel's motion, and he did not respond. *See* CIR. RULE 51(b). We therefore limit our review to the topics that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first considers whether Earnest could present a non-frivolous argument that the district court procedurally erred and determines that he could not. First, the district court properly concluded that Earnest was eligible for a sentencing reduction under § 404(b) of the First Step Act: He committed federal criminal offenses before August 3, 2010, the statutory penalties for which were modified by the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010). *See United States v. Sutton*, 962 F.3d 979, 982 (7th Cir. 2020); First Step Act, § 404(a). The district court recognized that the new statutory maximum sentence for each of Earnest's offenses is 20 years under 21 U.S.C. § 841(b)(1)(C), and that his new guidelines range would be 210 to 290 months. *See United States v. Corner*, 967 F.3d 662, 666 (7th Cir. 2020) (district court must first calculate new statutory penalties and guidelines range for defendant's offense in considering a motion under § 404(b)).

Counsel also notes that the district court did not hold a plenary resentencing hearing, as Earnest requested, but appropriately concludes that it would be frivolous to base an appeal on that issue. *See United States v. Palmer*, 600 F.3d 897, 898 (7th Cir. 2010) (counsel need only identify issues "worth citing to the appellate court as a possible ground of error"). Although some courts have held that a plenary resentencing and a hearing are not required, we have not defined the minimum procedures a court must follow when deciding a motion under § 404(b). *See Corner*, 967 F.3d at 665. Even though

Earnest preserved the issue, which remains open, it would still be frivolous to argue in his case that he suffered any prejudice from the denial of his request for plenary resentencing. Here, the district judge, who originally sentenced Earnest, appointed counsel for him and obtained an updated report from the probation office. After full briefing, the judge determined that the arguments were "well-articulated in the record." Therefore, any additional procedures would not have affected the court's decision, and it would be frivolous to argue otherwise.

Counsel next properly concludes that, because the court fully considered the parties' arguments and the relevant evidence, it would be frivolous to argue that the court abused its discretion. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018); *see also United States v. Shaw*, 957 F.3d 734, 740 (7th Cir. 2020) (district court must at least consider parties' arguments and relevant evidence when denying a sentence reduction under the First Step Act). A district court has broad discretion in deciding whether to reduce a defendant's sentence under § 404(b) and may consider the factors enumerated in 18 U.S.C. § 3553(a), the sentencing guidelines, post-sentencing conduct, and "other relevant information about a defendant's history and conduct." *United States v. Hudson*, 967 F.3d 605, 609 (7th Cir. 2020). Here, the district court considered each of these. Specifically, it calculated Earnest's new guidelines range and weighed the § 3553(a) factors. It considered Earnest's argument that he has taken classes and earned his GED while in prison, and that he would be over 80 years old when released. But, the court explained, while incarcerated, Earnest committed over 80 disciplinary infractions, many violent, and was convicted of two counts of assaulting a federal officer. The court thus concluded that Earnest's post-conviction behavior shows that he "remains a danger to the public." Given the court's consideration of these factors, any argument that it abused its discretion would be frivolous.

Finally, counsel considers arguing that Earnest received ineffective assistance of counsel. Even if there is a right to counsel in this context—an issue we have not decided—a record on this issue was never developed. So, Earnest would be unable to show on direct appeal that counsel was ineffective. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Cates*, 950 F.3d 453, 457 (7th Cir. 2020).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.