┌─────────────────────────────────────────────┐
│          **NONPRECEDENTIAL DISPOSITION**          │
│  To be cited only in accordance with Fed. R. App. P. 32.1  │
└─────────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 5, 2021[*]
Decided February 5, 2021

**Before**

DIANE P. WOOD, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-2393

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:01 CR 98 |
| TERRAUN PRICE, *Defendant-Appellant*. | James T. Moody, *Judge*. |

## O R D E R

Nearly two decades after he was convicted of cocaine-base ("crack") offenses, Terraun Price moved to reduce his sentence of 360 months' imprisonment and 5 years' supervised release to time served and 4 years' supervised release under the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). Because the district court did not abuse its broad discretion in granting Price's request to reduce his term of

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

supervised release while denying his request to reduce his prison sentence, *see United States v. Sutton*, 962 F.3d 979, 986 (7th Cir. 2020), we affirm.

In 2003, a jury convicted Price of two counts: conspiracy to distribute 50 grams of crack cocaine (the conspiracy count), 21 U.S.C. § 846, and use of a communication facility to distribute controlled substances (the distribution count), 21 U.S.C. § 843(b). The court sentenced Price to life in prison and 5 years' supervised release for the conspiracy count. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2002). For the distribution count, the court sentenced him to a concurrent sentence of 48 months in prison and 1 year of supervised release.

Twelve years later, in 2015, the district court on its own initiative considered whether Price was eligible for a sentence reduction on the conspiracy count based on Amendment 782 to the sentencing guidelines. That Amendment retroactively reduced the offense level for certain drug offenses by two levels. U.S.S.G. Supp. to App. C, amend. 782 at 66 (2014). The court determined that he was eligible and that the updated guidelines called for a sentence between 360 months and life. The court reduced Price's prison term to 360 months but declined to reduce his term of supervised release.

After Congress passed the First Step Act in 2018, Price moved to reduce his sentence further. The district court ruled that Price was eligible to seek relief because this Act reduced the statutory penalties for the conspiracy count by applying the Fair Sentencing Act of 2010 to that crime. § 404(b), 132 Stat. at 5222; *United States v. Shaw*, 957 F.3d 734, 735 (7th Cir. 2020). Under the reduction, this count became subject to a statutory prison term of 5 to 40 years instead of 10 years to life and a supervised-release term of at least 4 years instead of at least 5 years. *Compare* 21 U.S.C. § 841(b)(1)(B)(iii) (2018), *with* 21 U.S.C. § 841(b)(1)(A)(iii) (2002).

But the district court declined to exercise its discretion to reduce Price's prison sentence, reducing only the term of supervised release to 4 years. First, it noted that Price's guidelines range for the prison term remained unchanged since it last lowered his sentence—360 months to life. Then, in balancing the factors of 18 U.S.C. § 3553(a) (which it said it considered unchanged from the time of his conviction) and expressly taking into account Price's post-conviction behavior, the court explained why it left the prison term unchanged: Price's post-conviction behavior and pursuit of education, though commendable, did not alter the seriousness of his crime—he supervised a large-scale drug conspiracy as "a high-ranking member and close associate of . . . the conspiracy's head"—and the continuing need to deter like conduct.

On appeal, Price first argues that the court procedurally erred by relying on its assessment of the § 3553(a) factors from his original sentencing. When considering

sentence reductions under the First Step Act, district courts may consider "updated statutory benchmarks, current Guidelines, and post-sentencing conduct," all of which may produce a reassessment of the factors under 18 U.S.C. § 3553(a). *United States v. Hudson*, 967 F.3d 605, 613 (7th Cir. 2020). Moreover, a court cannot deny a motion under the First Step Act by simply citing its reasoning from the original sentencing. *United States v. Corner*, 967 F.3d 662, 666 (7th Cir. 2020). But the court adhered to these norms and did not just repeat itself from the original sentencing. The court considered the new penalties, the current guidelines range, and Price's laudatory post-conviction behavior. In weighing this new information, the court permissibly ruled that, despite an exemplary prison record, the § 3553(a) factors identified at sentencing (the public danger of Price's oversight of a large drug conspiracy and the need to deter it) still applied and warranted keeping his prison term at the low end of the advisory range.

Price responds that the court unreasonably relied on the seriousness of his offense given the shift in how crack-cocaine offenses are viewed. Congress passed the Fair Sentencing Act because many offenders—disproportionately African American—received excessive punishment. *Shaw*, 957 F.3d at 737. But Price's contention is wrong for three reasons. First, the Sentencing Commission amended the guidelines four years before Price's 2015 sentence reduction so that they aligned with the changing views embodied by the Fair Sentencing Act. U.S.S.G. App. C, Vol. III, amend. 750 at 392 (2011) (making permanent Emergency Amendment 748); *see United States v. Taylor*, 778 F.3d 667, 669 (7th Cir. 2015). When the district court reduced Price's sentence in 2015, Price thus benefited from the very paradigm shift that he claims the court failed to consider when he moved for another reduction over three years later. Second, his within-current-guidelines sentence represents what is now deemed reasonable in light of the Fair Sentencing Act. *See Kimbrough v. United States*, 552 U.S. 85, 109 (2007). Third, it is a serious matter to play an important role in a conspiracy selling an illegal substance, as Price did, and the evolving view towards crack-cocaine offenses does not change that. *See United States v. Weaver*, 716 F.3d 439, 442 (7th Cir. 2013) (noting higher punishments for leaders of conspiracies as compared to members recognize their greater culpability).

Finally, Price insists that a remand is necessary so that the district court can reconsider his motion in light of *Hudson* and *Corner*, which post-date the ruling on this motion. In *Hudson* we held that district courts, when reducing sentences for convictions covered by the First Step Act, may also reduce a sentence imposed for a non-covered offense. *Hudson*, 967 F.3d at 611. Price observes that the district court here did not consider whether it should reduce the sentence on his non-covered offense (the distribution count), and under *Corner* a failure to exercise discretion is itself an abuse of discretion. *See Corner*, 967 F.3d at 666. But unlike the situation in *Hudson*, reducing the sentence for Price's non-covered offense would have no bearing on his overall sentence,

so any error was harmless. *See United States v. Abbas*, 560 F.3d 660, 667 (7th Cir. 2009). The sentence on the distribution count runs concurrently with the longer term that Price is serving on his conviction for the conspiracy count. Because his overall sentence is controlled by the lengthier sentence for the conspiracy count, a remand would serve no purpose. *See id.* Moreover, we also held in *Corner* that district courts must consider modified statutory penalties before deciding whether to reduce a sentence or not under the First Step Act. *Corner*, 967 F.3d at 666–67. The district court did so here, even without having the benefit of the decision.

AFFIRMED