NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 18, 2021[*]
Decided November 18, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 21-1743

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 02-CR-30145-JPG-2 |
| STEVEN JONES, *Defendant-Appellant*. | J. Phil Gilbert, *Judge*. |

### O R D E R

Steven Jones, a federal prisoner, moved for a reduction of his sentence under § 404(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194. The district court ruled that Jones was eligible for a reduction under the statute but that the relevant sentencing

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

factors under 18 U.S.C. § 3553(a) did not favor decreasing his prison term. On appeal, Jones argues that he should have received the reduction because he was convicted of a "covered offense" under the First Step Act. But he does not challenge the district court's weighing of the § 3553(a) factors, which was its sole basis for denying his motion. Because Jones provides no reason to overturn this exercise of discretion, we affirm.

Jones was convicted in 2003 of conspiring to distribute over 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846, and of selling a firearm to a known felon, in violation of 18 U.S.C. § 922(d)(1). Jones committed these offenses while serving a sentence for murder at Illinois' Menard Correctional Center. The presentence investigation report found that Jones had an offense level of 42 and a criminal history category of VI, resulting in sentencing ranges of 360 months to life on the conspiracy count and 120 months on the firearm-sale count. The district court sentenced Jones to 360 months on the first count and 120 months on the second, running concurrently.

In 2019, Jones moved for a reduced sentence under § 404(b) of the First Step Act, which retroactively applied the lower penalties enacted in the Fair Sentencing Act, Pub. L. No. 111–220, 124 Stat. 2372, to defendants who committed covered offenses before August 2010. Jones argued that the statute entitles him to a reduction in his sentence for the drug conspiracy because the offense involved crack cocaine and now carries lower maximum penalties. The government initially contested Jones's eligibility for a reduction, but, after our decision in *United States v. Shaw*, 957 F.3d 734 (7th Cir. 2020), it conceded that Jones committed a "covered offense."

The district court determined that Jones was eligible for a reduced sentenced but nevertheless denied his motion. Citing *United States v. Corner*, 967 F.3d 662, 665 (7th Cir. 2020), the court noted that eligibility is only the "gateway to resentencing," because the court must then apply the § 3553(a) sentencing factors to determine whether to grant the request. Thus, the court weighed Jones's apology for his crimes and "especially troubling upbringing" against his extensive criminal history—which included a conviction for first-degree murder in 1989—and the nature and circumstances of the offense. It noted that Jones led a drug-trafficking conspiracy from prison during which he also used coded communications with a correctional officer "to sell a semiautomatic pistol to a felon on parole for robbery." Explaining the importance of deterrence and need to protect the public, the court concluded that Jones's sentence of 360 months remained "sufficient, but not greater than necessary, to advance the purposes of punishment," and it therefore denied Jones's motion.

Jones appeals, arguing only that he is eligible for a sentence reduction because his drug conspiracy conviction is a "covered offense" under the First Step Act. He asserts that the denial of his motion subjects him "to more prison time than he should serve under his authorized statutory sentence."

But the district court agreed with Jones that he was eligible for a reduced sentence before it exercised its discretion to deny his motion. Because Jones did not, in his opening brief, raise or develop an argument about the court's § 3553(a) analysis, he waived any challenge to the district court's sole reason for denying relief. *See United States v. Beavers*, 756 F.3d 1044, 1059 (7th Cir. 2014). "[A]n appellate brief that does not even try to engage the reasons the appellant lost has no prospect of success." *Klein v. O'Brien*, 884 F.3d 754, 757 (7th Cir. 2018).

Even if Jones had not waived his argument, he could not persuade us that the district court abused its "broad discretion in addressing a First Step Act motion." *See United States v. Sutton*, 962 F.3d 979, 986 (7th Cir. 2020). A court must consider the "familiar framework" of the § 3553(a) sentencing factors in deciding whether to reduce a sentence. *Shaw*, 957 F.3d at 741. It need not address every factor but must provide "a statement of reasons that is consistent with § 3553(a)." *See United States v. Purnell*, 701 F.3d 1186, 1190 (7th Cir. 2012).

Here, the district court explained why the § 3553(a) factors weigh against a sentence reduction: Jones committed a serious offense by leading a drug-trafficking conspiracy while already incarcerated, and he had an extensive criminal history including a conviction for first-degree murder. Although the court acknowledged Jones's apology for his actions and the likely influence of his "especially troubling upbringing," it concluded that the need to deter Jones and others from committing further crimes and to protect the public justified a denial of a sentence reduction. *See* 18 U.S.C. § 3553(a)(2)(B), (C). By considering the nature and the circumstances of the offense, Jones's criminal history, and the need to protect the public from future crimes, the district court amply explained the denial of relief.

AFFIRMED