NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 16, 2021
Decided November 24, 2021

**Before**

MICHAL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-1295

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 06 CR 324-22 |
| KENNETH STARKS, *Defendant-Appellant.* | John J. Tharp, *Judge.* |

**O R D E R**

Kenneth Starks, a federal inmate sentenced in 2010 for conspiring to distribute crack cocaine, appeals the denial of his motion for a reduced sentence under § 404 of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194. On appeal, Starks argues the district court erred when it: (1) concluded that defendants with prior sentence reductions under 18 U.S.C. § 3582(c)(2) were ineligible for relief under the First Step Act; (2) ruled that defendants with a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) were ineligible for relief under the First Step Act; and (3) decided

it would deny relief even if Starks were eligible. The government agrees that Starks is eligible for a sentence reduction, but it submits that the district court's alternative, discretionary denial was not an abuse of discretion.

The principle of party presentation generally restricts this court to the positions that the parties take. *United States v. Sineneng-Smith,* 140 S. Ct. 1575, 1579 (2020). So, we work from the premise both parties urge, that Starks is eligible for relief, and we discuss only the alternative, discretionary denial. Because the district court provided a well-reasoned explanation of its discretionary denial, we affirm and need not address the other two issues.

## Background

In 2010, Starks pleaded guilty to conspiring with codefendants to distribute drugs, including crack cocaine. *See* 21 U.S.C. § 846. He and the government reached an agreement under Fed. R. Crim. P. 11(c)(1)(C): in exchange for Starks pleading guilty to one count, the government would dismiss the other counts, and Starks's sentence would be 66% of the low end of the guidelines range or the statutory minimum sentence (then 10 years), whichever was greater. The court accepted this agreement and sentenced Starks under its terms to 237 months' imprisonment (66% of the bottom of the guidelines range).

Starks later received two sentence reductions based on retroactive changes to the Sentencing Guidelines. First, in 2012, Starks's sentence was reduced to 213 months in prison under 18 U.S.C. § 3582(c)(2) based on Amendment 750, which lowered the applicable guidelines range to reflect changes from the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372. Then, in 2016, his sentence was reduced, again under § 3582(c)(2), to 172 months based on Amendment 782, which also lowered the applicable range but for reasons unrelated to the Fair Sentencing Act.

In 2020, Starks requested a third sentence reduction, the subject of this appeal. His request was based on § 404(b) of the First Step Act of 2018. This provision gives district courts discretion to retroactively apply to eligible defendants the statutory changes of the Fair Sentencing Act. The government opposed a discretionary reduction based on the sentencing factors of 18 U.S.C. § 3553(a).

The district court denied Starks's motion for a reduction. First, the court questioned whether Starks was eligible. It asked whether a Fed. R. Crim. P. 11(c)(1)(C)

plea agreement, which binds a sentencing court if accepted, affects a defendant's eligibility for a reduction. But the court did not decide that issue because it considered Starks ineligible for a § 404 reduction for another reason. It read the First Step Act as barring motions from defendants who had previously received sentencing reductions under Amendment 750.

Even if Starks were eligible, the district court continued, it declined to exercise its discretion to lower his sentence. Addressing the § 3553(a) sentencing factors, the court noted that Starks's offense involved a substantial quantity of drugs, Starks had an extensive criminal history, and a further reduction would create disparate sentences because his guidelines range and the applicable penalties had not changed. The court also reasoned that, although Starks had a positive prison record, when it was viewed against his past criminal conduct and offense of conviction, that record did not establish that Starks's risk of recidivism had abated.

## Analysis

This court reviews for abuse of discretion the denial of an eligible defendant's motion under the First Step Act for sentencing relief. *United States v. Sutton*, 962 F.3d 979, 986 (7th Cir. 2020). Starks offers three arguments, but none persuades us that the district court abused its discretion.

First, he argues the district court's analysis of his ineligibility for relief influenced its alternative, discretionary ruling because it uses some similar reasoning in both. But the First Step Act does not prevent courts from considering the goals and purposes of the Act in their discretionary analyses. *See United States v. Corner*, 967 F.3d 662, 666 (7th Cir. 2020). Nor does it prevent courts from considering the benefits of a Fed. R. Crim. P. 11(c)(1)(C) plea agreement. *See Hughes v. United States*, 138 S. Ct. 1765, 1777 (2018) (analyzing a discretionary reduction under § 3582(c)(2)). And regardless, the court explicitly assumed in its discretionary ruling that Starks was eligible for relief. Therefore, the district court adequately separated the two analyses.

Second, he contends that, in its first reason for denying a reduction (no new changes to the applicable penalties), the district court "seemed to believe that Section 404 only could be used to apply updated guidelines." The court asked whether the statutory penalties had changed, as it was obligated to do, *see Corner*, 967 F.3d at 665, or the guidelines range had, and it noted that neither had changed. But the court also

recognized that it could reduce his sentence anyway; it chose not to do so because of the substantial quantity of drugs trafficked and other § 3553(a) factors.

Third, Starks maintains that in denying discretionary relief, the district court did not sufficiently consider the sentencing factors under § 3553(a). We disagree. The court thoroughly discussed the nature and seriousness of the offense (the large quantities of various drugs), the applicable guidelines range, and the risk of disparate sentences from a further reduction, which would drop Starks's sentence to below the guidelines range. *See* 18 U.S.C. § 3553(a)(1), (2), (4), (6). The court's desire to adhere to the guidelines range is sound, because "[s]entencing disparities are at their ebb when the Guidelines are followed." *United States v. Bartlett*, 567 F.3d 901, 907 (7th Cir. 2009). The district court then properly contrasted those factors with Starks's prison record. *See United States v. Shaw*, 957 F.3d 734, 742 (7th Cir. 2020). Although it found that his prison record was positive, it reasonably explained that his extensive criminal history (Category VI) and the seriousness of his offense of conviction counterbalanced that record and justified denying Starks's request for a sentence reduction. Thus, in its alternative ruling, the district court adequately explained why it denied relief.

AFFIRMED