NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 18, 2022
Decided February 22, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 21-2182

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 03-cr-10091 |
| ANTHONY X. BAKER, *Defendant-Appellant*. | Michael M. Mihm, *Judge*. |

**O R D E R**

The district court revoked Anthony Baker's supervised release after he fled from police officers attempting to arrest him, caused a car accident during a high-speed chase, and was eventually caught with controlled substances. Baker appeals the revocation and sentence of 34 months' imprisonment and 3 years' supervised release. His appointed counsel believes the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Baker responded to counsel's motion with arguments that he wishes to raise on appeal. *See* CIR. R. 51(b). Because counsel's brief appears adequate and addresses the issues we would expect in an appeal of this kind,

we limit our review to the issues in the brief and Baker's response. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Unless there are extraordinary circumstances, the appellant has a right to counsel in a supervised-release revocation proceeding only if he is plausibly denying the violations or presenting complex mitigation arguments. *See Gagnon v. Scarpelli*, 411 U.S. 778, 790–91 (1973); *United States v. Eskridge*, 445 F.3d 930, 932–33 (7th Cir. 2006). Baker does neither. (As we discuss below, his potential challenge to the revocation is frivolous.) Nonetheless, we apply the safeguards of *Anders* to ensure that all issues receive proper consideration. *United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016).

Baker was sentenced in 2004 to 262 months' imprisonment and 8 years of supervised release for possessing at least 5 grams of crack cocaine with the intent to distribute. 21 U.S.C. § 841(b)(1)(B) (2004). In 2019, his sentence was reduced under § 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222, to time served, and he began a six-year term of supervised release.

Two years later, the probation office petitioned to revoke Baker's supervised release. According to the petition, a police dog alerted for drugs in Baker's car during a traffic stop. When police officers ordered Baker to step out, he instead put the vehicle in drive, sped away, and led officers on a dangerous chase. After Baker crashed his car and continued his flight on foot, a witness saw him toss away a plastic bag, which was later recovered; it contained controlled substances including over 20 grams of crack cocaine. The probation office alleged that Baker had violated his conditions of release by committing three crimes: (1) possession of crack cocaine with the intent to deliver, (2) possession of other controlled substances (cocaine and a fentanyl–heroin mixture), and (3) aggravated fleeing and eluding. He was also charged in Illinois state court with delivering cocaine and aggravated fleeing and eluding (but not with simple possession).

At the revocation hearing, defense counsel explained that Baker wished to stipulate that the government could call witnesses to "testify consistently with the events in the petition" and avoid creating a record that might prejudice him in the state prosecution. The court confirmed that Baker wished to stipulate to the three violations (namely, "two involving drugs and … one involving the offense of aggravated fleeing and eluding") and had discussed the matter with counsel. It then asked Baker directly if he would stipulate that the government could call witnesses whose testimony would establish the violations by a preponderance of the evidence. Baker responded in the affirmative, and the court found him guilty of the three violations.

The hearing proceeded to sentencing. Defense counsel asked for a time-served sentence, a downward variance from the range of 33 to 36 months of reincarceration prescribed by the policy statements in Chapter 7 of the Sentencing Guidelines. §§ 7B1.1(a)(1), 7B1.4 & cmt. n.1. In mitigation, counsel emphasized that Baker had maintained employment continuously since soon after his release despite a challenging beginning: he had been released suddenly upon the reduction of his sentence, with no preparation for reentering society, and was initially homeless and placed in a shelter. He passed 44 out of 45 drug tests while on supervision. And he had already served almost 18 years in prison—more than his conviction would carry under current law. The government emphasized the seriousness of the violations: Baker was caught with crack cocaine packaged for sale, powder cocaine, and a combination of heroin and fentanyl. His dangerous flight from police placed others in jeopardy when he briefly drove the wrong way on a highway and when he hit another car.

The court acknowledged Baker's positive work record and "some strong indications that you were not using drugs yourself." It also remarked that he "served a long time" before being released when the law changed. Still, the court found that his serious and dangerous conduct required a prison sentence because releasing him with time served would "send[] the wrong message" to him and others. It thus denied Baker's request for a variance. The court sentenced Baker to 34 months' reimprisonment, concurrent to any sentence in the state case, to be followed by three years of supervised release.

In his response to counsel's submission, Baker contends that he did not fully understand the allegations against him when he stipulated to the three violations. He says that he never reviewed the revocation petition before the hearing; his information came from what he calls the presentence investigation report (apparently, the probation office's sentencing recommendation, which includes fewer details than the petition). He says that he believed at the time of the hearing that he was charged only with the same two violations for which he was facing state charges—possession of crack cocaine with the intent to deliver and aggravated fleeing and eluding—and that he would not have stipulated knowingly to possessing fentanyl. In fact, he insists that immediately before the hearing he told his attorney to dispute any accusations involving fentanyl.

Because Baker wants to challenge the validity of the revocation, counsel first considers arguments that Baker did not knowingly and voluntarily waive his right to contest the charged violations. Baker did not seek to withdraw the waiver in the district court, and so we would review for plain error. *United States v. Nelson*, 931 F.3d 588,

590–91 (7th Cir. 2019). We agree with counsel's conclusion that it would be frivolous to argue that accepting Baker's stipulation was plainly erroneous. Defense counsel stated, and Baker confirmed, Baker's intent to stipulate that government witnesses would testify consistently with the revocation petition. Although the court did not set forth the allegations in detail—presumably to avoid prejudicing Baker in the state case—it referred to three charges, "two involving drugs and one involving the offense of aggravated fleeing and eluding." It thus confirmed that Baker was familiar with the charges and wished to stipulate that the government could prove all three. Therefore, Baker cannot reasonably argue that the "totality of the circumstances" shows the waiver to be unknowing or involuntary. *Id.* at 591. Further, Baker received due process: he "was given adequate notice, represented at all times, appeared at the hearing, and was afforded an opportunity to make a statement and present information in mitigation." *United States v. Jones*, 774 F.3d 399, 403 (7th Cir. 2014) (citing FED. R. CRIM. P. 32.1).

Baker also argues that the police report of his arrest was insufficient evidence to support a finding that he committed the alleged violations. But any challenge to the revocation on this ground would be frivolous. Once Baker stipulated that the government could prove the violations, the court was required to revoke his release, 18 U.S.C. § 3583(g)(1), no matter the nature of the government's proof. We further note that the Federal Rules of Evidence do not apply in revocation proceedings. FED. R. EVID. 1101(d)(3); *United States v. Falls*, 960 F.3d 442, 445 (7th Cir. 2020).

As to the sentence, counsel concludes correctly that Baker could not plausibly challenge his 34-month sentence as unlawful or based on an incorrect policy-statement range. Baker faced a statutory maximum sentence of 36 months. The court correctly calculated this maximum because (under the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, 2373 (2010), made retroactive by the First Step Act) the maximum sentence for his underlying offense was 30 years. *See* 21 U.S.C. § 841(b)(1)(C); *United States v. Corner*, 967 F.3d 662, 665–66 (7th Cir. 2020) (instructing district court to apply First Step Act when calculating policy-statement range for revocation sentence). This reclassified the offense as a class B felony, *see* 18 U.S.C. § 3559(a)(2), leading to a maximum revocation sentence of 36 months, *id.* § 3583(e)(3). Similarly, Baker's new three-year term of supervised release was below the maximum allowed term of life. *See id.* § 3583(h) (capping post-revocation supervised release at "the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release"); 21 U.S.C. § 841(b)(1)(C) (authorizing lifetime supervised release).

Counsel does not explain his conclusion that the district court properly calculated the policy-statement range, but we have confirmed it. The range of 33–41 months (capped at 36 months because of the statutory maximum) was proper under U.S.S.G. § 7B1.4 based on Baker's grade A violations (controlled-substance offenses punishable by at least one year in prison, § 7B1.1(a)(1)) and criminal history category of VI (as properly calculated at the original sentencing, § 7B1.4 cmt. n.1).

Next, counsel considers and rejects arguments that the court inadequately explained its choice of sentence. The court stated, "I certainly take note of everything you said" and acknowledged Baker's positive history of employment and clean drug tests since release. But the court went on to explain that a sentence within the policy-statement range was necessary because of the dangerous nature of his conduct and the need for deterrence. This "adequate statement of reasons" suffices under our deferential review, and any argument to the contrary would be frivolous. *Jones*, 774 F.3d at 404–05.

Baker adds that the court failed to consider all of his mitigation arguments, but any appeal on this ground would be frivolous as well. The court stated that it had considered all such arguments and expressly discussed all but one—that Baker faced an unusually difficult reentry to society because he was released suddenly with little preparation and no home. But when imposing a revocation sentence, unlike at the initial sentencing, the court does not have a "strict duty" to address all substantial mitigation arguments. *United States v. Dawson*, 980 F.3d 1156, 1165 (7th Cir. 2020). The court did all that was required by allowing Baker to present mitigation arguments and considering them "with an open mind." *Id.*

Next, counsel contemplates and rejects substantive challenges to Baker's sentence. We presume the terms of reimprisonment and supervised release to be reasonable because both are within the policy-statement ranges, and we will uphold them unless "plainly unreasonable." *Jones*, 774 F.3d at 403–04. Given the district court's remarks about the seriousness of Baker's conduct and the need for deterrence, we agree with counsel that Baker has no nonfrivolous arguments to raise.

Finally, to the extent that Baker questions his attorney's performance in the revocation proceedings, any potential ineffective-assistance claim would be appropriate in a collateral attack, but not in this direct appeal. *See United States v. Flores*, 739 F.3d 337, 340 (7th Cir. 2014).

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.