NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 9, 2022[*]
Decided November 9, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 22-1111

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 2:07-cr-20043-SLD |
| FREDDELL BRYANT, *Defendant-Appellant*. | Sara Darrow, *Chief Judge*. |

## O R D E R

Freddell Bryant appeals the denial of his motion for a sentence reduction under the First Step Act of 2018, arguing that the district court failed to determine his eligibility or explain its reasoning. But the record adequately supports the district court's decision, so we affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

In 2010, Bryant pleaded guilty to three counts related to his role in a conspiracy to distribute large quantities of powder and crack cocaine. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B); 18 U.S.C. § 924(c). In addition to his plea agreement, Bryant agreed— in exchange for immunity—to cooperate fully with law enforcement by providing information and testimony that was "complete and truthful." The criminal convictions carried a statutory sentence of life imprisonment, but the district court departed from that minimum based on Bryant's substantial assistance, 18 U.S.C. § 3553(e), and sentenced him to 300 months in prison and ten years of supervised release.

While providing information to law enforcement, Bryant revealed his participation in a 2007 triple murder related to drug trafficking. But after sentencing on his drug-crimes convictions, Bryant refused to testify about the murders when called before a grand jury. The government determined that he was in breach of his cooperation agreement and later charged him with the murders. He was convicted and sentenced to three consecutive life sentences. *See generally United States v. Bryant*, 750 F.3d 642 (7th Cir. 2014).

In April 2020, Bryant moved to reduce his drug-crimes sentence under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which gives discretion to district courts to reduce defendants' sentences for crack-cocaine convictions that would have been lowered after the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. Noting that his guidelines range would now be 360 months to life in prison, Bryant requested a reduced sentence—240 months in prison and eight years of supervised release—to reflect the downward departure that he received in 2010.

The probation office filed a First Step Act Computations worksheet assessing sentencing options if the Fair Sentencing Act were applied. The office concurred with Bryant that he was eligible for a reduction and that his amended sentence range would be 360 months to life in prison.

The government opposed Bryant's motion. It conceded that Bryant was eligible for a reduction under circuit law but argued that the district court should deny Bryant's motion as a matter of discretion. Opposing any further reduction, the government highlighted Bryant's refusal to testify in accordance with his cooperation agreement, his conviction for three murders, and his current sentence, which was already below the newly calculated range.

In a text order, the district court denied the motion: "Pursuant to the framework in 18 U.S.C. § 3582(c)(1)(B) and § 404 of the First Step Act, after full review of the record, careful consideration of all applicable sentencing factors, and exercising its discretion, the Court declines to reduce the defendant's sentence."

Bryant argues that the district court procedurally erred by denying his motion without first determining his eligibility or applicable sentencing range. He relies on our decision in *United States v. Corner*, 967 F.3d 662, 665–67 (7th Cir. 2020), in which we directed district courts first to determine an applicant's eligibility and calculate the applicable sentencing range, and only then decide whether to exercise their discretion to reduce the sentence. Bryant contends that the district court's text order "disqualified [him] as ineligible."

Bryant misapprehends the context behind the district court's ruling. When the court denied his motion, his eligibility for a reduced sentence was undisputed. The probation office and the government both agreed with Bryant that he was eligible for a reduction. (On its computational worksheet, the probation office checked a box indicating that it "concur[red] with eligibility," and the government conceded as much in its response to Bryant's motion.) The court justified its ruling by stating that it had considered the "applicable sentencing factors" but declined to reduce his sentence in an "exercis[e] [of] its discretion." This, then, was not a case like *Corner*, in which the district court erred by declining to consider modified statutory penalties before denying the defendant's motion. *Id.* at 664.

To the extent Bryant suggests that the court insufficiently explained its ruling, we think that no more detailed explanation was needed. The record reflects that Bryant failed to provide information as required by his cooperation agreement, that he was convicted for three drug-related murders, and that his current sentence is shorter than it would be if the Fair Sentencing Act were applied. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1967 (2018).

AFFIRMED