**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 26, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANGEL GUZMAN-AVILES,

    Defendant - Appellant.

No. 24-3109
(D.C. No. 2:14-CR-20017-JWL-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **KELLY**, and **BACHARACH**, Circuit Judges.
_____

Angel Guzman-Aviles appeals the district court's denial of his pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The district court denied the motion, ruling he failed to show extraordinary and compelling reasons for a sentence reduction. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

Guzman-Aviles pleaded guilty to possession with intent to distribute more than 50 grams of methamphetamine. Given the quantity of drugs involved, the presentence investigation report (PSR) assessed a base offense level of 38; it then added two levels for possession of a dangerous weapon, and subtracted two levels for acceptance of responsibility, yielding a total offense level of 38. Coupled with a criminal history of I, the PSR's advisory guideline range was 235 to 293 months in prison. The district court sentenced him to 235 months, and we affirmed. *See United States v. Guzman-Aviles*, 663 F. App'x 674, 678 (10th Cir. 2016).

Guzman-Aviles later moved for compassionate release, claiming he had extraordinary and compelling reasons for a sentence reduction because his sentence was unusually long and a change in the law resulted in a disparity between the sentence he was serving and the sentence he likely would have received at the time he filed his motion. *See* U.S.S.G. § 1B1.13(b)(6). He asserted that, according to the guidelines' drug-conversion calculator, his base offense level should be 30, which would yield a shorter sentence than the one he received. He argued that these circumstances, combined with his rehabilitation efforts, sufficed to show extraordinary and compelling reasons for a sentence reduction.

The district court rejected this argument, noting the PSR held Guzman-Aviles responsible for more than 27 kilograms of "Ice" methamphetamine and over 108 kilograms of marijuana, for a total combined marijuana equivalency of 544,508.9 kilograms. R., Vol. 1 at 196. The district court noted that this quantity exceeded the

quantity of marijuana required to trigger his base offense level of 38, *see* U.S.S.G. § 2D1.1(c)(1) (requiring 90,000 kilograms of marijuana), so he was still subject to the same guideline range. Thus, the district court concluded that he failed to show a change in the law resulting in a gross sentencing disparity for purposes of establishing extraordinary and compelling reasons for relief under § 1B1.13(b)(6).

## II

We review the district court's denial of compassionate release for an abuse of discretion. *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021). An abuse of discretion occurs when the district court relies on an incorrect legal conclusion or a clearly erroneous factual finding. *Id.*

Under § 3582(c)(1)(A), a district court may grant compassionate release if (1) extraordinary and compelling reasons warrant a sentence reduction; (2) a reduction is consistent with applicable policy statements issued by the United States Sentencing Commission; and (3) the relevant factors set forth in 18 U.S.C. § 3553(a) support a reduction. *See United States v. Hald*, 8 F.4th 932, 941 (10th Cir. 2021). The district court may consider these steps in any order and deny the motion for failure to satisfy any one step, without considering the rest. *See id.* at 941-43. District courts "possess the authority to determine . . . what constitutes extraordinary and compelling reasons, but that [authority] is bounded by the requirement . . . that a reduction in sentence be consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021) (internal quotation marks omitted).

3

The policy statement here at issue states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law . . . may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

On appeal Guzman-Aviles contends the district court failed "to rule on [whether] there are any extraordinary and compelling reasons to warrant [a sentence] modification." Aplt. Opening Br. at 8 (capitalization omitted). But as explained above, the district court determined he failed to show extraordinary and compelling reasons for compassionate release because there was no change in the law resulting in a gross disparity between the sentence imposed and the sentence he likely would have received at the time he filed his motion. *See* R., Vol. 1 at 195-97.[1]

Guzman-Aviles also contends the district court failed to consider whether he satisfied other qualifying criteria and his individual circumstances. In particular, he

---

[1] Guzman-Aviles raises several other issues he did not present to the district court, including a challenge to the conditions of his confinement, *see* Aplt. Opening Br. at 12-13; requests for sentence reductions based on Amendments 817, 820, and 821 of the sentencing guidelines, *see* Aplt. Opening Br. at 14, 16-20; and a separate request for compassionate release under § 3582(c)(1)(A) based on the purity of his methamphetamine, *see* Aplt. Opening Br. at 25-29. We normally do not consider issues and arguments raised for the first time on appeal, and Guzman-Aviles gives us no reason to do so here. *See Margheim v. Buljko*, 855 F.3d 1077, 1088 (10th Cir. 2017) ("Normally when a party presents a new argument on appeal and fails to request plain error review, we do not address it.").

says the district court failed to recognize his sentence was unusually long and incorrectly calculated, he served more than ten years of his sentence, he was locked down during the Covid-19 pandemic, he suffers from a grave medical condition, and he made rehabilitative efforts. But absent a change in the law that resulted in a gross disparity between the sentence imposed and the sentence that likely would have been imposed when he filed his motion, there was no need for the district court to consider his individual circumstances and whether he satisfied other criteria. *See* § 1B1.13(b)(6) (stating that relief is available "*only* where such change would produce a gross disparity" (emphasis added)).

Additionally, Guzman-Aviles faults the district court for failing to evaluate the relevant § 3553(a) factors. But having found that Guzman-Aviles failed to establish extraordinary and compelling reasons for a sentence reduction, the district court was free to deny compassionate release without addressing the § 3553(a) factors. *See* *Hald*, 8 F.4th at 942-43 ("If the most convenient way for the district court to dispose of a motion for compassionate release is to reject it for failure to satisfy one of the steps, we see no benefit in requiring it to make the useless gesture of determining whether one of the other steps is satisfied.").

Last, Guzman-Aviles contends that under *United States v. Corner*, 967 F.3d 662 (7th Cir. 2020), and "comparable" standards of 18 U.S.C. § 3582(c)(2), the district court erred by denying relief as a matter of discretion, without first determining whether he was eligible for a sentence reduction. *See* Aplt. Opening Br. at 11. He points out that a district court may consider an intervening change of law

5

or fact in deciding whether to grant relief under the First Step Act, but the district court failed to do so here.

This argument is unavailing. To the extent Guzman-Aviles suggests a district court must analyze a § 3582(c)(1)(A) motion in a particular sequence, we have already rejected the argument. *See Hald*, 8 F.4th at 942 (holding the three-step analysis of § 3582(c)(1)(A) can "be considered in any order"). Thus, his efforts to draw parallels to § 3582(c)(2) are mistaken. And in any event, the district court did effectively evaluate whether Guzman-Aviles was eligible for relief: it examined the specific argument he raised—that the quantity of drugs should have yielded a lower base offense level—and it determined he would be subject to the same sentencing range because the equivalent quantity of drugs he possessed "still results in a base offense level of 38." R., Vol. 1 at 197. Hence, the district court properly concluded he had "not shown that he is entitled to relief under § 1B1.13(b)(6) because there is no change in law that results in any disparity between the sentence he is serving and the sentence likely to be imposed today." *Id.*

### III

The district court's judgment is affirmed.

Entered for the Court

Harris L Hartz
Circuit Judge